## Supreme Court—Appellate Division, Third Department.

November, 1902.

## THE PEOPLE v. AUGUSTUS LOOMIS.

(76 App. Div. 243.)

1. TRIAL—REMARKS OF DISTRICT ATTORNEY AT OPENING.

   Where the record does not contain the opening of the district attorney and all that is before the appellate court are the objections of defendant and remarks of the court, this court cannot find that the defendant was prejudiced in the minds of the jury by the opening.

2. BURGLARY—EVIDENCE—CONFESSION INVOLVING ANOTHER BURGLARY.

   Upon the trial of indictment charging the defendant with burglarizing the house of one S, it appeared that, about the same time, he burglarized the house of one L; that a search warrant was issued, which resulted in the discovery of a portion of the property taken, a part of it from each of the houses, and that the defendant, with knowledge of the service of the search warrant and the finding of the property, made a complete disclosure of his participation in both burglaries to a witness sworn on the trial, and asked for the advice and assistance of such witness based on the confession as a whole. Held, that the fact that, in testifying to the confession so made by the defendant, the witness testified as to what the defendant said in respect to his participation in the burglary of the L house did not require a reversal of the judgment.

3. SAME—WAIVER IF OBJECTION THAT ACCUSED WAS NOT FIRST QUESTIONED.

   The act of calling the defendant, subsequently, to contradict the testimony given by such witness as to the alleged confession, operated as a waiver if any objection to the testimony of such witness based upon the ground that he was interrogated in regard to the alleged confession before the defendant was questioned concerning the same.

4. SAME—PROOF THAT OTHER ARTICLES WERE TAKEN.

Held, that evidence was admissible that articles were taken from the S house, in addition to those specified in the indictment, at the time and as part of the transaction on which the indictment was found, and also that such articles were found in the possession of the defendant.

5. SAME—CROSS-EXAMINATION OF WITNESS FOR THE PEOPLE UNDER INDICTMENT FOR SAME CRIME.

A person who was under indictment for the same crime as that for which defendant was indicted, and also under indictment for concealing the stolen property, testified on behalf of the People to the burglarizing of the S house. Held, that the fact that on his cross-examination when interrogated concerning the removal of the goods from the place where they had been stored after the theft, he declined, on the ground that it would tend to incriminate him to answer questions relating to his personal connection with such removal, and that the court sustained his refusal, did not constitute reversible error.

6. TRIAL—WITNESS.

It is not error to allow a witness to testify, in explanation of the fact that in a previous trial of the case she swore directly opposite to the testimony given by her on the present trial, that she did so at the request of the defendant and because of fear of personal injury if she did not testify as he desired.

APPEAL by the defendant, Augustus Loomis, from a judgment of the County Court of Madison county in favor of the plaintiff, rendered on the 21st day of March, 1901, upon the verdict of a jury convicting the defendant of the crime of burglary in the third degree and grand larceny in the second degree, and also from an order bearing date the 21st day of March, 1901, and entered in the office of the clerk of the county of Madison, denying the defendant's motion for a new trial.

G. P. Pudney, for the appellant.

M. H. Kiley, for the respondent.

CHASE, J.: The defendant was convicted of the crime of burglary in the third degree and grand larceny in the second

degree. The People contend that the evidence shows that, on the night of September 17, 1898, the defendant was at the house of one H., and that on the evening of that day defendant and said H. and one B., with a pair of horses and a wagon, went to a summer cottage, then unoccupied, belonging to one S. and his son, and that, while B. looked after the horses, H. and defendant broke into and removed from said cottage a large quantity of personal property and put the same into the wagon, and that said property was by them taken to the house of said H. and all or substantially all of it was left there. On the 5th day of January, 1898, S. made application to a magistrate for a search warrant. A warrant was obtained to search for the goods of one L. and for the goods of S. H. received notice that a search warrant was about to be issued, and, with the assistance of others, during the night of January 5th removed some of the personal property stolen from S., and perhaps other property, from his house and secreted it in barns, stone piles and in the woods back of H.'s and defendant's premises. The search was made early on the morning of January 6th. Mrs. H. went to defendant's the night before with a lantern, and immediately after the search was made defendant came to the house of H. and asked Mrs. H. "If they had found anything at the house and she told him that they did." Defendant said: Mr. H. "knew what things were taken and he would have thought he would have got what things were stolen out of sight."

The indictment against the defendant, upon which he was convicted, was subsequently found, and in the indictment are enumerated certain articles as having been stolen by the defendant from the S. cottage, not, however, including all the articles so taken from said cottage.

The testimony taken on the trial is conflicting, but the verdict against the defendant should not be reversed as being against the weight of evidence.

The defendant objects to remarks which he claims were made by the district attorney in his opening. The record does not

contain the opening of the district attorney nor any part thereof. All that is before this court relating to such opening are the objections of the defendant and the remarks of the court.

Objections to the opening were twice made. The inference to be drawn from the first objection is uncertain. The objection may have been made in anticipation of statements that might be made or that were then only foreshadowed by the district attorney. The remark of the court following the second objection shows that the district attorney had not made the statement referred to in the objection. In the absence of a record as to what the district attorney did say, we cannot find that the defendant was prejudiced in the minds of the jury by the opening.

The People produced a witness by whom the defendant was employed about the middle of January, 1899, and he testified to a confession made by the defendant to him. His testimony relating thereto is as follows: " He said that ' Under the cir-' cumstances, Frank, I will tell you something, but you must promise never to tell of it.' I told him I would do all I could for him. He said his wife and my wife were some relation and had always been good friends, and he knew I would help him. He told me that Mr. Campbell and Hartwell, and Louisa Marvin and Wellington Barber and himself went to the Smith cottage. Q. What did he say they did there? A. Took the goods out. . . . Q. What did he say about the Lewis cottage? (Defendant's attorney): I object to it as incompetent, improper and immaterial. You cannot prove the commission of another crime to convict the defendant on this indictment. The Court: I think we will take all that he said on this occasion. Exception to defendant. He said that Frank Hartwell and his wife and Morrell Campbell and Wellington Barber and himself went to the cottage of Mrs. Lewis. (People's counsel): Q. What did he say about that? A. Just the same. Q. State all that he said. A. He didn't want me to tell of it, and do all I

could to help him out of it. I told him I would. I told him to make a clean breast of it and tell Mr. Smith and Mrs. Lewis and then I told him to tell the district attorney of it. Q. It was all in this one conversation? A. Yes, sir.

At the time of this statement by the defendant the warrant to search for the property of L. and S. had been issued and served, and the officers had found at and near the house of H. much of the property specifically mentioned in the indictment, also other property taken from the S. cottage not enumerated in the indictment, and some of the property of L.

The defendant knew of the issue and service of the search warrant, and that stolen property had been found. The witness and the defendant were talking of the disclosures.

The property so found was intermingled. The defendant's desire for help came from the admissions constituting the entire conversation and the advice sought and obtained by him was also based on the confession as a whole. The confession consisted of one conversation and one disclosure on the part of the defendant, and the fact that it included a statement as to the L. cottage does not require a reversal of the judgment. Any objection to the witness being interrogated in regard to the admissions before the defendant was questioned in regard thereto was waived by the defendant being subsequently called to contradict such admissions. (People v. Weldon, 111 N. Y. 569.)

Evidence of S. was received detailing the appearance of the interior of the cottage after the burglary and enumerating the property which had been taken therefrom. Defendant objected to the witness stating that any property, other than that enumerated in the indictment, was missing from the cottage and excepted to the ruling of the court allowing such testimony. The defendant also excepted to testimony being received specifying the property found at and near the house of H. at the time the search warrant was executed.

There is no evidence of a burglary having been committed at the Smith cottage other than the one for which the defendant was indicted. There is no evidence that any property was found other than property that came from the S. cottage and from the premises of L. Evidence showing that articles were taken, in addition to those specified in the indictment, at the time and as a part of the transaction on which the indictment was found and also that such articles were found in the possession of the defendant is admissible. (Foster v. People, 3 Hun, 6; S. C., 63 N. Y. 619.)

The testimony relating to the search warrant and that it required that search be made for the property of L. as well as of S., and the further fact that some property belonging to L. was found, was all received without objection. The statements in the brief and in the defendant's objections that the property taken from the S. cottage and not enumerated in the indictment constituted an independent crime and statements to the effect that evidence was being given of a series of crimes are assumptions, so far as the record before us discloses.

The witness B. for the People was under indictment for the same crime as that for which the defendant was indicted, and he was also under indictment for concealing the stolen property. He gave evidence for the People detailing without reserve all the facts claimed by him as constituting the theft from the S. cottage. On his cross-examination, when interrogated in regard to moving the goods from the house of H. on the night of January 5th, he declined to answer questions relating to his personal connection with the removal of said goods, and the court ruled: "He is indicted for receiving stolen property. Anything that would tend to criminate him in respect to that, any inquiry directed to a subject that was not inquired about by the district attorney on this trial, he may refuse to answer, if he bases his refusal on the ground that it tends to criminate him."

The questions that the witness declined to answer did not relate to a subject that had been inquired into by the district attorney, and even assuming that it is the rule that one cannot testify as a witness and, being aware of his privilege, give testimony tending to criminate himself, and afterwards stop short of a full disclosure by claiming his privilege, such rule was not violated in this case.

It was not error to allow the witness M., in explanation of her having previously sworn directly opposite to the testimony given on this trial, to testify that she did so at the request of the defendant, and because of fear of personal injury if she did not testify as he desired and directed.

Under section 542 of the Code of Criminal Procedure we are required to give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties.

We are of the opinion that the substantial rights of the defendant in this case have not been affected by any adverse ruling made by the court or by any manifestations of zeal that appear in the record.

Judgment and order affirmed.

All concurred.

Judgment and order affirmed.