(86 App. Div. 5.)

### PEOPLE v. BUSHNELL.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. CRIMINAL LAW—DECLARATIONS OF ACCUSED—ADMISSIBILITY.

The secretary and chief special agent of the New York Society for the Suppression of Vice could, on a trial for crime, testify as to an interview had at his office with defendant, who called there at the request of the witness, though defendant was not told of the purpose of the interview, nor informed that what he said might be used against him.

2. SAME—TRIAL—EVIDENCE—OBJECTIONS.

Where a question asked a witness called for the conversation had with the accused concerning the crime for which he was tried, and the witness, in narrating the conversation, referred to the commission of other similar crimes, defendant, in order to present the question whether the entire conversation was essential to a proper understanding of the evidence, should either have requested the court to instruct the witness to state only that part of the conversation which related to the crime in question, or should have moved to strike out the evidence relating to the other crimes, and have the jury instructed to disregard it.

Appeal from Special Term, New York County.

George W. Bushnell was convicted of crime, and appeals.   Affirmed. See 71 N. Y. Supp. 253.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Hal Bell, for appellant.

Henry G. Gray, for respondent.

LAUGHLIN, J.   The appellant contends that the court erred in denying his motion to direct an acquittal, and his counsel argues that the evidence was insufficient to warrant a conviction.   The evidence has been examined in the light of the criticism of the counsel for appellant, and we are of opinion that it was not only sufficient to require the submission of the case to the jury, but that any other verdict than one of guilty would have been a miscarriage of justice.   It is claimed that the people relied on the testimony of the individual who willingly submitted to the unnatural acts, and who, therefore, was an accomplice, and that his testimony was not sufficiently corroborated. We are of opinion that it was sufficiently corroborated by the testimony of appellant's wife, and of the wife of the janitor of the building in which he had an apartment, and by his own admissions to Anthony Comstock.   Although the appellant's failure to testify did not permit any inference of guilt, yet the testimony of the people, being uncontradicted, sufficiently showed and fairly warranted the inference of guilt.

The only question in the case worthy of consideration relates to the conversation between Anthony Comstock and the appellant, received in evidence, and containing an important admission with reference to the crime of which appellant has been convicted, and also embracing admissions of prior similar practices.   The crime of which the appellant has been convicted was committed on the night of the 17th day of March, 1900.   Two interviews between the appellant and Mr. Comstock were received in evidence.   The first was upon the

2d day of August, 1900, and the second was on the 14th day of December in the same year. There was no objection or exception to the evidence of the conversation at the second interview. At that interview Mr. Comstock charged the appellant with having committed a similar offense subsequent to the commission of the crime in question, and the defendant made no denial of the charge. At this time the appellant was arrested upon a warrant for the previous crime now under review, and Mr. Comstock assigned to him, as the reason for his arrest, his failure to keep a promise made at the first interview to desist from such practices in the future. An important admission concerning the crime in question, and the appellant's silence with reference to the rest of the charge connecting him with this crime, occurred at the first interview. The people claim that in these circumstances they were entitled to show the entire conversation, and cite as authority for that proposition the cases of People v. Loomis, 76 App. Div. 243, 78 N. Y. Supp. 578, Gore v. People, 162 Ill. 250, 44 N. E. 500, and State v. Underwood, 75 Mo. 230.

It is not entirely clear that it was essential to a proper presentation of the admission concerning this crime that the entire conversation, embracing the admission of other similar crimes, should have been received; but we deem it unnecessary to decide that question, for it was not properly presented by objection and exception. The only objection to the conversation in the first instance was that it did not appear that Mr. Comstock informed the appellant of the purpose of the interview which took place at Mr. Comstock's office, the appellant having appeared there at his request, or that appellant was apprised of his rights, or informed that any statement made might be used against him; and on the further ground that it was immaterial, irrelevant, and too remote. The objections were overruled, and appellant's counsel excepted. It is manifest that these objections were without merit. The witness then proceeded with the conversation, in answer to a question calling upon him to give the conversation which he said he had with the appellant concerning the commission of the crime. Mr. Comstock said that he informed the appellant that a matter had been referred to the New York Society for the Suppression of Vice, of which he was the secretary and chief special agent, in reference to appellant's conduct with young men, and assaults that he had been making upon them. At this point counsel for appellant objected, and moved to strike out this testimony as not responsive to the question. The objection was overruled, and exception taken. The witness then proceeded to narrate the conversation as follows: "I have made a very careful examination to get at the facts, and I have examined one of your victims." Counsel for appellant then inquired of the court whether this was relevant and material. The court replied that, it being a conversation between appellant and the witness, it was admissible, and counsel for appellant excepted.

These statements were preliminary, and essential to show the full effect of appellant's admission in part, and of his silence with reference to the remaining part, of the charge concerning the particular crime in question. It clearly appears from Mr. Comstock's evidence, subsequently given, that the victim referred to was the complainant in

this case. The witness then continued to narrate the conversation, in which he charged the appellant with being guilty of the crime of sodomy with various young men, who were not named, and to which charge appellant made no response. No objection was taken to this evidence, and no motion made to strike it out or to direct the jury to disregard it. Mr. Comstock then narrated what he said to appellant concerning this particular crime, and during the giving of this testimony, pertinent and material to the issue, counsel for appellant interrupted with the remark, apparently addressed to the court, "Now we have the same objection to all this line of testimony," to which the court replied, "Certainly, and I make the same ruling," and counsel for appellant excepted. There was no further objection or exception to the evidence of the conversation.

Even though some of this evidence may not have been competent, we think the court did not err in overruling the objections. The question, as has been observed, called for the conversation concerning the crime charged in the indictment. If the witness, in answer to that proper question, in narrating the conversation, stated facts that were incompetent and inadmissible against the defendant on account of their showing the commission of other similar crimes, the appellant should have requested the court to instruct the witness to state only that part of the conversation which related to the commission of the crime in question, or, as the evidence of other similar crimes was received, should have moved to strike it out and have the jury instructed to disregard it. This would have presented the question whether it was essential to a proper understanding of the evidence relating to the defendant's express and implied admissions of the crime for which he was on trial that the entire conversation should be received.

There is no doubt as to the defendant's guilt, and we find no exception presenting reversible error. It follows, therefore, that the judgment and order should be affirmed. All concur; PATTERSON, J., in result.