THE PEOPLE OF THE STATE OF NEW YORK, Appellant *v.* NICHOLAS KRANK, Respondent.

Upon the trial of an indictment under the excise law (§ 13, chap. 628, Laws of 1857, amended by chap. 856, Laws of 1869), for selling liquor without a license, it is not necessary to establish that the offense charged was committed on the very day laid in the indictment; time is not of the essence of the crime.

A conviction is proper under such an indictment, although the proof shows that the sale was on a Sunday. The fact that the law makes special provision for the punishment of a sale on a Sunday, whether the accused has a license or not (§ 21, as amended by chap. 549, Laws of 1873), has not so altered the general provision prohibiting sales without a license as to render it inapplicable to a sale on that day.

*It seems* a person guilty of a sale on Sunday, if he had no license, would be liable to indictment under either provision, but a conviction under one would bar a prosecution for the same sale under the other; and this, although the conviction was had upon an indictment under the general provision charging the sale to have been on a week day.

In such case, if the accused should be again indicted under the provision prohibiting sales on Sunday, it would be competent to prove by parol that the former conviction was for the same sale.

*People* v. *Krank* (46 Hun, 632) reversed.

(Argued June 28, 1888; decided October 2, 1888.,

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made December 31, 1887, which reversed a judgment of the Court of Sessions of the county of Orleans, entered upon a verdict convicting defendant of the offense of selling liquor without a license. (Reported below, 46 Hun, 632.)

The material facts are stated in the opinion.

*W. P. L. Stafford* for appellant. Upon a trial for a violation of the excise law, if the defendant has a license and wishes to justify the sale thereunder, he must establish that fact. (*Potter* v. *Deyo*, 19 Wend. 361; *Fleming* v. *People*, 27 N. Y. 329; *Harris* v. *White*, 81 id. 533; *Jefferson* v. *People*, 101 id. 19.) It was not necessary to prove that the offense

was committed on the exact day charged in the indictment.
(Code of Crim. Pro. § 280; *Tiffany* v. *Driggs*, 13 Johns.
252; *Prussia* v. *Guenther*, 16 Abb. N. C. 230; *People* v.
*Stocking*, 50 Barb. 578; Bishop on Crim. Pro. § 386;
Wharton's Crim. Ev. [8th ed.], § 108 ; *Comm.* v. *Dilane*, 11
Gray [Mass.] 67; *Comm.* v. *Leo*, 12 id. 33 ; *Comm.* v. *Carroll*,
15 id. 409.)   Even in indictments for violation of the excise
law for selling liquor on Sunday, the exact day charged need
not be proven; such indictments which charged a day of the
month that did not fall on Sunday have been sustained.
(*People* v. *Ball*, 42 Barb. 324; *State* v. *Eskridge*, 1 Swan
[Tenn.] 413 ; *Megowan* v. *Comm.* 2 Metc. [Ky.] 13; *Roy* v.
*State*, 91 Ind. 417 ; *People* v. *Lavin*, 4 N. Y. Code Rep. 547.)
The offense charged in this indictment was selling liquor
without a license, and although it incidentally appeared in the
proof that the sale was on a Sunday, and, therefore, might be
punished under the provisions of law against selling on Sun-
day, this was no ground for a new trial.    (14 Gray [Mass.] 386;
*State* v. *Ambs*, 20 Miss. 214; *Loftus* v. *Comm.* 3 Grattan
[Va.] 361; *Comm.* v. *Trickey*, 13 Allen [Mass.] 559.)   The
act complained of was an offense against a single section, but
the offense proven was a violation of both sections, and the
defendant might have been indicted for both.   (Code Crim.
Pro. § 279; *People* v. *Kelly*, 3 N. Y. Code Rep. 272.)
Though defendant might have been indicted for both offenses,
a conviction for either would bar both.   (Penal Code, § 677.)

*C. J. Church* for respondent.   Section 21 of chapter 628
of the Laws of 1857, as amended by section 5, chapter 549 of
the Laws of 1873, must be construed as excepting from the
operation of section 13 of said act of 1857, a sale made on
Sunday.   (*People* v. *Brown*, 6 Park. 666 ; Dwarris, § 658 ;
*Churchill* v. *Krease*, 5 Bing. 180.)   Time was a material
ingredient of the offense, because selling on a particular day
is one offense and selling without a license is another.   (Penal
Code, § 677; *People* v. *Lavin*, 4 N. Y. Code Rep. 447.)

PECKHAM, J. The defendant was indicted for selling liquor without a license on the 3d day of July, 1886, which was Saturday. The proof upon which he was convicted showed a sale on Sunday. The indictment did not allege a sale on Sunday, and the defendant now argues that he could not properly be convicted of a sale on the latter day under such indictment. It is, to say the least, doubtful whether the point is raised by any valid objection and exception. Upon the trial the People called a witness who testified that he was in the defendant's place on the first Sunday in July, and he was then asked whether he drank anything there that day. This was objected to by counsel for defendant on the ground that it was incompetent, immaterial and did not tend to prove the charge set up in the indictment. The objection was overruled and the defendant excepted. The witness then answered that he did; that he asked for gin, which defendant gave him out of a bottle, and that he paid for it. The defendant's counsel asked the court to charge that the offense must be proved to have been committed on the third day of July, which was refused, and the counsel for defendant excepted. The court' said: " If you believe the witness, Vezie, that this liquor was bought on the fourth of July, then you will find a verdict of guilty," and an exception was taken.

There is nothing in either of these exceptions to call the attention of the court to the distinction between a sale on a week day and one on Sunday; but the point that seems to have been taken was that it was incompetent to prove a sale on one day if the indictment charged a sale on another, or, in other words, that the proof of a sale must be confined to the very day laid in the indictment. This is manifestly untenable, as has frequently been decided, for in such case time is not of the essence of the crime. The purpose of an objection and exception is to call the attention of court and counsel to the very point in controversy, so that a decision may be made intelligently with reference to such question. It is very loose practice and ought not to be commended. But as the case is here, and objection has not been taken to its con-

sideration upon the merits, we will examine it upon the assumption that the point was properly raised upon the trial,

The question is not whether a conviction can be had of a sale on Sunday, under the provisions of section 21 of the act of 1857, to suppress intemperance, etc., without alleging in the indictment that the sale was on such day, but whether, under a general indictment alleging a sale of liquor without a license, a conviction can be had under the provisions of section 13 of the same act, in case the proof shows that the sale did take place on Sunday. The thirteenth section is general in its application and prohibits any one from selling at any time without a license. Section 21, in the original act, prohibited a sale on Sunday by any inn, tavern or hotel-keeper, even if he had a license. But by amendment passed in 1873, section 21 was amended so as to prohibit any one from selling intoxicating liquors on Sunday, whether the person selling had a license to sell on other days or not.

The General Term have held in this case that the amendment of 1873, as to selling on Sunday, has not only made a separate and distinct offense, but has so far altered the general law in that respect that it is no longer applicable to a sale on that day. The reason stated is that if the general law still remained applicable, a person who had no license and who sold on Sunday would, by the same act, render himself liable to be punished for two crimes growing out of exactly the same transaction, and such a construction of a statute should be avoided when possible.

It is also stated that in this section (21) a sale by an unlicensed person is considered in a particular way, when made on a particular day of the week, and a special punishment is imposed for that offense which does not apply to the violation of any other section of the act.

We do not think a person would be liable to double punishment by holding that section 13 remains in force as to one who sells on Sunday without a license, even though such a sale would render him liable to indictment and punishment under

section 21 of the same act. He would be liable to indictment under either section, but a conviction under either would be a bar to one under the other. By section 677 of the Penal Code "an act or omission, which is made criminal and punishable in different ways by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision." A conviction, therefore, of an individual for selling liquor without a license, upon proof of a sale on Sunday, would bar a prosecution for the same sale under an indictment which charged the sale on Sunday, and as coming under the twenty-first section.

In this case the indictment alleged a sale on the third of July and the proof was of a sale on the fourth, which was Sunday. A conviction under this indictment would be a bar to a prosecution for a sale on Sunday founded upon the same sale proved in the other case, and the record in the other case would be conclusive upon proof that, although the indictment charged a sale on the third, it was, in fact, sustained, and the conviction obtained by proof of a sale on the fourth, which was Sunday. This evidence it would be perfectly competent to give by parol. As in the first case it was competent to prove a sale on the fourth under an indictment alleging a sale on the third, because time was not material, so the same law which allows such a conviction also secures the defendant against another conviction for the same sale under another indictment which alleges it to have been committed on a day different from that alleged in the first. (*Comm.* v. *Dillane*, 11 Gray, 67; *Comm.* v. *Carroll*, 15 id. 409, 411.)

As a defendant is thus freed from the perils of a double punishment for the same offense, there seems no good reason for holding that the twenty-first section of the statute operated as an exception introduced into the thirteenth section, which was thereby limited to a sale by an unlicensed person on any day but Sunday, leaving the twenty-first section alone to deal with the case of a sale on Sunday. The truth, as we think, is,

that the twenty-first section was not attempting to deal with an unlicensed person as such. It was a sale on Sunday that was to be prohibited, and by the amendment of 1873, the section applied to all persons, licensed or unlicensed; and the punishment was not a special one imposed upon an unlicensed person for a sale on Sunday, but both the licensed and the unlicensed persons are equally guilty under this section.

While it is true, therefore, that a sale by an unlicensed person on Sunday is regarded as a higher offense than when it takes place on a week day, yet it is not because of the fact that such person is unlicensed, but because it is made on Sunday; and the fact that the seller is unlicensed is wholly immaterial, the offense being precisely the same in either case.

There is thus a separate and distinct offense made out by the twenty-first section. But we do not see that it in any way touches the provisions of the general section (13) as to a sale by an unlicensed person. That offense is just as much committed by a sale on Sunday as on any other day, and the prosecutor may have his election for which offense he will prosecute; both being indictable; but when he has elected and has tried the defendant on one indictment, and the defendant has been acquitted or convicted thereon, then such acquittal or conviction is a bar to the prosecution of the other indictment.

For these reasons the judgment of the General Term should be reversed, and that of the General Sessions affirmed.

All concur.

Judgment accordingly.