## PEOPLE v. STACK.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. ROBBERY—EVIDENCE—QUESTION FOR JURY.

Accused was positively identified by two witnesses as one of the perpetrators of a robbery. One officer testified that accused, when arrested, said that when the crime was committed he was at a certain place, but on the trial he and his witnesses swore he was at another place. Accused had also admitted to the officer that he had made false statements as to his previous doings and whereabouts. To another officer, accused said he knew who committed the crime. When arrested, he had drawn his revolver, apparently to resist. Two witnesses stated positively that they, and not accused, committed the crime, but they were already convicted of it. *Held,* that the case was a proper one for the jury.

2. CRIMINAL LAW—RECEPTION OF EVIDENCE.

Refusal to suspend cross-examination to permit accused's counsel to introduce testimony for the defense was a matter within the court's discretion.

3. SAME—HARMLESS ERROR.

If error, it was harmless; the court permitting the witnesses to be produced later, and accused availing himself thereof, and getting the benefit of their testimony.

4. SAME.

Witness, having identified accused as one of several who had robbed him, was asked on cross-examination if he had ever seen P., who was claimed to be one of the participants, and answered "Yes," and was asked, "Did you identify him as the man who held the revolver to your head?" *Held,* that this question should have been permitted, but, under Code Cr. Proc. § 542, requiring the appellate court to disregard technical errors, not affecting substantial rights, the refusal was harmless error, accused having full opportunity to cross-examine the witness regarding identification of accused, and as to what part P. played in the commission of the crime.

Appeal from court of general sessions, New York county.

James Stack was convicted of robbery, and he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

R. J. Haire, for appellant.
Charles E. Le Barbier, for respondent.

O'BRIEN, J. The defendant was indicted for the crime of robbery in the first degree, alleged to have been committed by him on the evening of December 19, 1897, in entering a drug store at 42 Pike street with another, assaulting the clerk in charge, and taking from the till about $15. The defenses were an alibi, and that the crime was committed by persons other than the prisoner, and there was some evidence tending to support these defenses. On the part of the people, the identification of the defendant as present and engaged in the commission of the crime consisted of

the direct and positive evidence of two witnesses, corroborated by the fact that the prisoner, after his arrest, made inconsistent statements as to his whereabouts on the night when the crime was committed. The conflict arising upon the testimony was properly submitted to the jury; and, in comparing the case made by the people with that of the defendant, it cannot be said that upon the merits it preponderates in the latter's favor. The circumstance is unusual that two persons should testify that they, and not the prisoner, were guilty of the crime. But their testimony must be weighed with the other facts appearing,—that they had already been convicted of the crime, and were self-confessed criminals, and that their statements were offset by the testimony of two credible witnesses who positively identified the defendant as one of the men who had been engaged in the perpetration of the crime. Furthermore, the testimony of the inspector of police was very damaging to the defendant; he stating that the prisoner told him that on the night when the crime was committed he was at a place called "Callahan's," whereas on the trial the prisoner and his witnesses said that he was at 35 Hamilton street, where he was asleep the entire evening. And, according to the inspector's testimony, the defendant admitted to him that he had made false statements as to his previous doings and whereabouts. To another officer the prisoner said that he knew who committed the crime; and, if by these words he did not mean to include himself, his conduct when he was taken into custody was not consistent with that of an innocent man, because he drew his revolver, apparently for the purpose of resisting the officers. The case, therefore, as stated, was a proper one for the determination of the jury; and it follows that the judgment of conviction should be affirmed, unless prejudicial errors were made in the admission of evidence, or in the conduct of the trial or the charge of the court.

The contention most strenuously urged in behalf of the defendant relates to the refusal of the trial judge to permit his counsel to suspend the cross-examination of a witness in order to produce as witnesses the two men confined in the Tombs, who, it was claimed, had alone been guilty of the crime, together with a copy of the indictment found against them at the instance of the people. We do not think that there is force in this contention. It was a matter entirely in the discretion of the court. And, besides, on the subsequent day of the trial the judge stated that the witnesses desired might be produced, and the defendant availed himself of the opportunity to examine them, and had thus the benefit of their testimony. Similarly it may be said with regard to three questions which were asked and excluded, because in this instance the witness was recalled, and the questions were allowed, on the subsequent day of the trial.

. One other question, however, was not allowed; and, in excluding it, we think the learned trial judge fell into error. We have already referred to the importance of the testimony as to the identification of the prisoner by those who claimed to have been eyewitnesses of the crime; and therefore in the cross-examination of

such witnesses the defendant was entitled to the greatest latitude. After the defendant's counsel had asked the drug clerk whether he had ever seen Frederick Powers, and had received the answer "Yes," he followed it up by the further question, "Did you identify him as the man who held the revolver to your head?" This question was excluded. We think that it might properly have been allowed; for although it is to be assumed that the reason for excluding it was that it related to the identification, not of this defendant, but of another man, that other man in this instance was the one who it was insisted had been a participant in the commission of the crime. Strictly speaking, the ruling was erroneous; but it was not in any great degree harmful, because full opportunity was given the prisoner's counsel to cross-examine the drug clerk in reference to his identification of this defendant, and as to what part, if any, Frederick Powers played in the commission of the crime. In considering this ruling, as well as the others, we must be governed by section 542 of the Code of Criminal Procedure, which provides that, "after hearing the appeal, the court must give judgment without regard to technical errors or defenses or exceptions which do not affect the substantial rights of the parties." Examining the record with this section as our guide, and in view of the full and clear charge made by the court in submitting the question of the defendant's guilt to the jury, we do not think any error was committed which would justify our interfering with the verdict; and the judgment, accordingly, must be affirmed. All concur.