## PEOPLE v. GIBSON.

(Supreme Court, Appellate Division, Fourth Department.  July 12, 1906.)

CRIMINAL LAW—EVIDENCE—CONVICTION OF OTHER CRIMES.

Code Cr. Proc. § 510, provides that, when a person is convicted of a felony who has been before previously convicted of any other crime, he may be adjudged to be an habitual criminal, and section 513 provides that on proof that defendant has been adjudged an habitual criminal the prosecution may introduce evidence as to his previous character as if he himself had first given evidence of his character. *Held* that, where a defendant had not testified, it was not competent for the state to prove his conviction of other crimes; section 510 indicating an intent to enable the court to pronounce a sentence more severe than otherwise where defendant has been previously convicted, and section 513 meaning that the prosecution may call witnesses to show defendant's character generally bad.

Appeal from Niagara County Court.

James Gibson was convicted of burglary and grand larceny, and he appeals.  Reversed, and new trial ordered.

The indictment charged that the defendant was guilty of burglary in the third degree and grand larceny in the second degree, in that on or about the 13th day of November, 1904, he willfully and feloniously did break into a barn belonging to one James Glenny, and did steal therefrom about 60 bushels of wheat.  It was also charged in the indictment that the defendant was an habitual criminal, and had been duly adjudged so to be.  The appeal brings up for review the question as to whether or not the evidence as matter of law was such as to justify the conviction of the defendant, and, if so, whether the verdict of the jury was against the weight of the evidence; also, the rulings of the learned trial court upon the admission and rejection of evidence, and the exceptions taken by the defendant to the charge of the court and to its refusal to charge as requested.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

W. B. Simson, for appellant.

Burt G. Stockwell, Dist. Atty., for the People.

McLENNAN, P. J.   While the competent evidence which tends to prove the defendant guilty of the crimes charged in the indictment is not entirely satisfactory, we are constrained to hold that it was of such a character as to raise a question of fact, and that the verdict of guilty rendered by the jury ought not to be set aside because contrary to or against the weight of the evidence.   The meagerness of the evidence which tends to prove the defendant guilty of the crimes charged is referred to only for the purpose of indicating that in our opinion no incompetent or improper evidence should have been permitted to be placed in the balance as against him.   That the reputation and character of the defendant were bad, and that his life and history had been practically one of crime and wrongdoing, were abundantly established : but, notwithstanding, we understand it to be the settled law of this state that, even such a person may not be convicted of a crime charged against him except upon competent evidence, and if incompetent evidence is received which is of such a character as would tend to prejudice the defendant before a jury, and influence its action in determining his guilt or innocence, that the reception of such evidence constitutes reversible error.

In the case at bar, as we have seen, the defendant was accused of having committed the crimes charged in the indictment, and the only question which could properly be considered by the jury was whether or not the defendant committed those offenses.   The people were permitted, under defendant's objection, to introduce evidence showing that he had committed other crimes, several in number, and of a more or less aggravated character, and, as we will assume, by introducing the records of conviction of such crimes, although the question is raised that such convictions were proven other than by the records of conviction, and that for that reason the evidence was incompetent.   Passing any such technical question, was evidence of former convictions of other crimes competent as against the defendant, which were in no manner connected with the crimes for which he stood charged? The evidence of that character, and which is complained of, was given by the people as evidence in chief, and before it had rested its case.   If competent and admissible at all, it must have been so competent and admissible for the purpose of tending to prove that the defendant was guilty of the crimes charged in the indictment.   Practically, the only effect of such evidence was to indicate to the jury that a person proven to have been guilty of all the crimes enumerated by such evidence was probably guilty of the crimes charged in the indictment, if only it were established that he had opportunity to commit the same.   It has been settled by a long line of decisions rendered by the highest court in this state that a person may not be convicted of a crime for which he is being tried upon proof that he is guilty of, or has been convicted of, other crimes, no matter how serious in their nature.   As was said by Judge Peckham in People v. Shea, 147 N. Y. 78, 99, 41 N. E. 505:

"By that law [common law of England] the criminal is presumed innocent until his guilt is made to appear beyond a reasonable doubt to a jury of twelve men. In order to prove his guilt it is not permitted to show his former character, or to prove his guilt of other crimes, merely for the purpose of raising a presumption that he who would commit them would be more apt to commit the crime in question."

We think the evidence tending to prove former crimes committed by the defendant and his conviction therefor was wholly incompetent, and that its reception over defendant's objection constituted reversible error. Under the authority of the Court of Appeals to which we have referred, it could only have been received for one or the other of two purposes: First, to establish the incredibility of the defendant's testimony, which was not involved at the time the evidence was received, because he had not been a witness in the case; and, second, for the purpose of tending to establish his guilt by reason of the fact that he had committed other crimes in no way connected with the crimes charged in the indictment, and which, as we have seen, may not be done under the decision of the Court of Appeals to which reference has been made. We think there is no force in the suggestion made by the District Attorney that such evidence is made competent by sections 510–514, both inclusive, of the Code of Criminal Procedure. Those sections clearly refer to a person hereafter convicted of a felony or misdemeanor, and not to a person upon trial charged with the commission of either a felony or misdemeanor. Those sections of the Code would seem to indicate an intent and purpose on the part of the Legislature to enable the court to pronounce a sentence more severe than could otherwise be pronounced in case it appears it had been judicially determined that the criminal had been previously convicted. It was not intended by the Legislature that an issue as to the defendant's previous conviction could be tried in conjunction with the issue presented by the indictment upon which he then stood charged. We think the broad rule is applicable to this case as enunciated in the common law, and as followed in this country since its organization as a government, differing from the French rule in that regard, as pointed out by Mr. Justice Peckham in People v. Shea, supra, that no man can be convicted of having committed a crime by proof that he committed other crimes, no matter how numerous or what their character, unless they were of such character and so related to the crime with which he is charged as to furnish some evidence of intent, plan, or previous combination to commit the crime in question.

The question presented by the introduction of the evidence complained of ought not to be rendered obscure by specious argument. It was certainly not introduced to discredit any testimony given by the defendant, for he had not then been sworn or offered himself as a witness. Its only other possible purpose was to convince the jury that because the defendant had committed all the crimes detailed by the evidence he was probably guilty of the crimes charged in the indictment. We think the evidence was incompetent for such purpose, and that it is no answer to say that the defendant subsequently went upon the stand as a witness, and that by so doing he made the evidence thus erroneously received against him competent, especially if certain ques-

tions had been asked of and denied by him. It must be assumed that the defendant would not have taken the stand as a witness in his own behalf unless the evidence referred to had been received by the learned trial court.

It is, however, suggested that by section 513 of the Code of Criminal Procedure such evidence is competent, because, as is alleged in the indictment and was proven upon the trial, the defendant had been adjudged an habitual criminal. That section of the Code is as follows:

"A person who, having been adjudged an habitual criminal, is charged with a crime committed thereafter, may be described in the complaint, warrant or indictment therefor, as an habitual criminal; and, upon proof that he has been adjudged to be such, the prosecution may introduce, upon the trial or examination, evidence as to his previous character, in the same manner and to the same extent as if he himself had first given evidence of his character and put the same in issue."

Our interpretation of the meaning of that section is that, where a defendant charged with a crime may put in evidence his good character and standing in the community by witnesses called for that purpose, even although he does not himself become a witness, the prosecution or people, in case such defendant has been adjudged an habitual criminal, may call witnesses to show that the defendant's character is generally bad, and such as would lead a jury to interpret certain circumstances and evidence tending to establish his guilt adversely to him. But we think there is no warrant in the language of the section for the suggestion that evidence of other specific crimes committed by a defendant may be proven to establish his guilt of the crime charged in the indictment. A defendant charged with one crime, although not going upon the stand as a witness in his own behalf, may call witnesses to establish his previous good character, and such testimony, if believed by the jury, it has been held, should be given weight in determining whether the circumstances disclosed by the evidence ought or ought not to satisfy a jury of the guilt of the accused. In the case of a person adjudged to be an habitual criminal, section 513 of the Code of Criminal Procedure, as we interpret its meaning, simply intends to provide that in case such adjudged criminal fails to give evidence of his previous good character, the prosecution may give evidence of his bad character, solely for the purpose of indicating to the jury that the direct or circumstantial evidence produced by it tending to establish his guilt should receive greater consideration than it would except for such evidence. This interpretation of the section renders the decisions harmonious, and prevents the anomaly of the suggestion that in this state a man may be convicted of having committed one crime because perchance he has committed others, no one of which is connected with or has any relation to the crime charged in the indictment upon which he is being tried. The contrary of the conclusion which we have reached was expressed by the learned trial court in his charge to the jury. He said:

"But the fact that he may have committed other crimes is a circumstance which you may take into consideration in determining whether or not you will believe what he has said upon his trial in the case which you may have under consideration. So in this case you may take into consideration in determining whether or not you will believe this man Gibson the fact that

heretofore he has been convicted of various other crimes; you may consider that as bearing to some extent upon the probability as to whether he committed this crime or not."

After the completion of the charge of the learned trial court the defendant's counsel said:

"I desire to except to your honor's charge in which you state, in substance, they [the jury] may consider his past record upon the probability of whether he committed this crime. My understanding of that rule is that his past record simply goes to the credibility of his testimony."

And the court said:

"Well, that is ordinarily so, but in a case like this I think it goes further, because they are permitted to put that proof in evidence, even though he did not go upon the witness stand at all, and if it was admissible when he did not go upon the witness stand at all, it must be admissible for something else than merely bearing upon his credibility, because that would not be in issue at all if he did not go on the witness stand."

Defendant's counsel then said:

"My understanding is it goes to the credibility of the defendant, and such evidence he may produce. I think it tends solely to the credibility of the evidence, and not to the guilt of the party."

And the court said, "You have your exception."

So, clearly, the court ruled and instructed the jury that it might take into consideration the previous crimes committed by the defendant in determining whether he was guilty of the crimes charged in the indictment. My notion is that the court in instructing the jury as above indicated committed reversible error; that it is not the law in this state, and never has been, that the commission by a person of any number of crimes, no matter how numerous, may be regarded as evidence that he is guilty of the crime charged in the indictment upon which he is being tried. If he goes upon the stand as a witness, such crimes previously committed by him may be proven as affecting his credibility; or, if he testifies in his own behalf, witnesses may be called to impeach him, or to show that his character is bad. If he has been adjudged an habitual criminal, witnesses may be called to show his general bad character, and to the end that the facts or circumstances presented to a jury might receive a different interpretation than if the presumption prevailed that the defendant was a person of good character. But we think no case can be found in which the courts of this state have held that specific acts of criminality theretofore committed by a defendant may be proven to establish his guilt of the crime charged in an indictment upon which he is being tried, or where it has been held that such previous wrongdoing may be considered by the jury in determining whether or not the defendant is guilty of the crime charged.

As indicated, we have no sympathy with the defendant's defense. The evidence, although meager, satisfies us of his guilt. Without question he is a man of bad character and of criminal tendencies. Yet we are constrained to hold, for the reasons indicated, that his rights were not properly guarded upon this trial.

It is concluded that the judgment appealed from should be reversed, and that a new trial be had.

Judgment reversed, and new trial ordered. All concur.