## PEOPLE v. MYERS.

(Supreme Court, Appellate Division, Fourth Department.　November 14, 1906.)

1. INTOXICATING LIQUORS—PROSECUTIONS—INSTRUCTIONS.

　　Reference in the charge, on a prosecution for illegal sale of liquors, to the vote of the town against the sale of intoxicating liquor, was improper; defendant not claiming that he had a right to sell liquor, but merely that he made no sale, on which question the vote of the town could have no bearing.

2. CRIMINAL LAW—INSTRUCTIONS.

　　To state in a charge that it is for the jury to say whether a witness for defendant is a vicious and precocious off-scouring of the street is improper.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1779.]

3. SAME—CONVICTION OF PRIOR VIOLATION OF STATUTE.

　　To charge on a prosecution for violation of a statute that the fact of defendant's conviction of a former violation thereof might be considered, not only in determining defendant's credibility, but also whether he was the kind of a man that would continue to violate the statute, is prejudicial error.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1875, 1876.]

Appeal from Wayne County Court.

William A. Myers was convicted, and appealed. Reversed, and new trial granted.

See 95 N. Y. Supp. 993.

Appeal by the defendant, entered on the 8th day of June, 1906, upon a verdict of the jury convicting the defendant of a violation of section 31 of the liquor tax law (Laws 1896, p. 73, c. 112), alleged to have been committed on the 24th day of June, 1905, in having sold intoxicating liquors without obtaining a liquor tax certificate. The defendant was sentenced to imprisonment in the county jail for the term of six months, and to pay a fine of $750. A motion was made to set aside the verdict upon all the grounds stated in section 465 of the Code of Criminal Procedure, and also in arrest of judgment upon all the grounds stated in sections 467 and 331 of the Code of Criminal Procedure, and also upon the ground of newly discovered evidence. The motions were denied.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

George Raines and De L. Stow, for appellant.
Charles T. Ennis, Dist. Atty., for the People.

KRUSE, J. At the beginning of the trial the defendant admitted that he had not obtained a liquor tax certificate which permitted him to sell intoxicating liquor, and the sole question of fact was whether he sold to one Harry Soper a bottle of whisky on the 24th day of June, 1905. Soper and his companion were private detectives employed in detecting violations of the liquor tax law in the village of Clyde, Wayne county. They both testified that such sale was made by one Fisher, an employé of the defendant, in the defendant's presence. This was denied by Fisher and by the defendant, and by two other persons who were present, so they testified, upon the occasion when Soper and his companion claim that the bottle of whisky was purchased by Soper.

While we cannot say that the evidence is not sufficient to sustain the conviction, it is by no means certain that the jury in reaching that conclusion may not have been improperly influenced, to the prejudice of the defendant, by matters called to their attention in the charge of the trial judge which had no legitimate bearing upon the only question which they were to determine. We think the reference to the vote of the town against the sale of intoxicating liquor was improper. The defendant did not claim he had the right to sell liquor, and the vote of the town could have no bearing upon the question whether he had sold the liquor with the illegal sale of which he was charged and on trial. Neither can we approve of the manner in which witnesses for the defendant were characterized. The court subsequently charged, at the request of the counsel for the defendant, that there was nothing in the evidence apart from the testimony of the private detectives in any way reflecting upon their characters; but, although it was called to his attention by an exception, the trial judge did not modify or specifically withdraw the statement that it was for the jury to say whether the witness Sears was "a vicious and precocious off-scouring of the street." Beyond that, we think the jury were misdirected as to the effect of certain testimony. The defendant was a witness in his own behalf. He admitted that he had theretofore been convicted of violating the liquor tax law. Regarding this circumstance the jury were told that they might use this fact, "first, for the purpose if it has any influence whatever of reaching a conclusion in your mind as to his credibility of words, and you may use it for the further purpose, if it serves any such purpose, of saying whether or not it leads you to believe that he is the kind of a man that would violate the liquor tax law, and, if he would violate it once, would keep violating it thereafter. In other words, that is useful simply for the purpose of enabling you to reach a conclusion as to what manner of man this defendant is." Although it was proper for the jury to consider the defendant's former conviction upon the credibility of his testimony, it furnished no presumption that he was more likely to violate again this law, or would continue to violate it thereafter, and it was not proper to be considered as tending to prove the offense with which he was charged and then on trial; and the exception thereto was well taken. People v. Gibson (Sup.) 99 N. Y. Supp. 1052.

The district attorney urges upon our attention the provisions of section 542 of the Code of Criminal Procedure, which requires the giving of judgment upon an appeal without regard to technical errors or de-

fects or to exceptions which do not affect the substantial rights of the parties, and calls our attention to the rule that erroneous rulings may be overlooked and disregarded where the appellate court can see that by no possibility could the error have worked any harm to the defendant. We do not, however, consider this case as belonging to that class. It cannot be said that the matters to which we have called attention could not have worked harm to the defendant. There was a sharp conflict in the evidence. While some of the matters standing alone might not warrant us in setting aside the verdict and granting a new trial, we think the last ground alone requires that disposition of the case.

The judgment of conviction and the order denying the motion for a new trial should be reversed and a new trial granted. All concur.