SUPREME COURT—APP. DIVISION—FOURTH DEP.,
Nov., 1906.

## THE PEOPLE v. WILLIAM A. MYERS.

(115 App. Div. 864.)

(1). Liquor Tax Law—Sale Without a License—Trial—Charge
of Judge.

Where defendant admits that he had no license for selling
liquors, it is error for the trial judge to call to the attention of
the jury the fact that the town voted against the sale of liquor
as it had no bearing upon the question as to whether sales were·
actually made by the defendant.

(2). Same.

It is error for the Court to characterize the defendant's wit-
nesses as "vicious, precocious, offscouring of the street."

(3). Same.

When defendant admits a previous conviction for violating the
Liquor Tax Law it is error to charge that the jury may consider
the circumstance in determining whether having violated it once
he would not keep on violating it. The prior conviction, though
admissible upon the credibility of the defendant, raises no pre-
sumption that he would repeat the offense.

(4). Same—Code Crim. Pro. § 542.

The above errors taken collectively demand a reversal of a
judgment of conviction in spite of the provisions of section 542
of the Code of Criminal Procedure requiring technical errors to
be disregarded.

Appeal by the defendant, William A. Myers, from a judg-
ment of the County Court of Wayne county, rendered on the
10th day of January, 1906, convicting the defendant of a
violation of section 31 of the Liquor Tax Law,* alleged to have
been committed on the 24th day of June, 1905, in having sold

---

*See Laws 1896, chap. 112, as amd. by Laws of 1903, chap. 486.—[Rep.
App. Div.—Vol. CXV.]

intoxicating liquors without obtaining a liquor tax certificate; and also from orders made on the 10th day of January, 1906, denying the defendant's motions for a new trial and in arrest of judgment.

The defendant was sentenced to imprisonment in the county jail for the term of six months and to pay a fine of $750.

A motion was made to set aside the verdict upon all the grounds stated in section 465 of the Code of Criminal Procedure, and also in arrest of judgment upon all the grounds stated in sections 467 and 331 of the Code of Criminal Procedure, and also upon the ground of newly-discovered evidence. The motions were denied and this appeal was taken.

*George Raines* and *DeL. Stow,* for the appellant.

*Charles T. Ennis, District Attorney,* for the respondent.

KRUSE, J.:

At the beginning of the trial the defendant admitted that he had not obtained a liquor tax certificate which permitted him to sell intoxicating liquor, and the sole question of fact was whether he sold to one Henry Soper a bottle of whisky on the 24th day of June, 1905. Soper and his companion were private detectives employed in detecting violations of the Liquor Tax Law in the village of Clyde, Wayne county. They both testified that such sale was made by one Fisher, an employee of the defendant, in the defendant's presence. This was denied by Fisher and by the defendant and by two other persons who were present, so they testified, upon the occasion when Soper and his companion claim that the bottle of whisky was purchased by Soper.

While we cannot say that the evidence is not sufficient to sustain the conviction, it is by no means certain that the jury in reaching that conclusion may not have been improperly influenced to the prejudice of the defendant by matters called to

their attention in the charge of the trial judge which had no legitimate bearing upon the only question which they were to determine.

We think the reference to the vote of the town against the sale of intoxicating liquor was improper. The defendant did not claim he had the right to sell liquor, and the vote of the town could have no bearing upon the question whether he had sold the liquor with the illegal sale of which he was charged and on trial.

Neither can we approve the manner in which witnesses for the defendant were characterized. The court subsequently charged, at the request of the counsel for the defendant, that there was nothing in the evidence apart from the testimony of the private detectives in any way reflecting upon their characters; but, although it was called to his attention by an exception, the trial judge did not modify or specifically withdraw the statement that it was for the jury to say whether the witness Sears was " a vicious and precocious off-scouring of the street."

Beyond that, we think the jury were misdirected as to the effect of certain testimony. The defendant was a witness in his own behalf. He admitted that he had theretofore been convicted of violating the Liquor Tax Law. Regarding this circumstance, the jury were told that they might use this fact " first for the purpose if it has any influence whatever of reaching a conclusion in your mind as to his credibility of words, and you may use it for the further purpose, if it serves any such purpose, of saying whether or not it leads you to believe that he is the kind of a man that would violate the Liquor Tax Law, and if he would violate it once whether he is the kind of a man would keep violating it thereafter. In other words, that is useful simply for the purpose of enabling you to reach a conclusion as to what manner of man this defendant is."

Although it was proper for the jury to consider the defendant's former conviction upon the credibility of his testimony, it

furnished no presumption that he was more likely to violate again this law, or would continue to violate it thereafter, and it was not proper to be considered as tending to prove the offense with which he was charged and then on trial; and the exception thereto was well taken. (*People* v. *Gibson*, 114 App. Div. 600; 99 N. Y. Supp. 1052.)

The district attorney urges upon our attention the provisions of section 542 of the Code of Criminal Procedure, which requires the giving of judgment upon an appeal without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties, and calls our attention to the rule that erroneous rulings may be overlooked and disregarded where the appellate court can see that by no possibility could the error have worked any harm to the defendant.

We do not, however, consider this case as belonging to that class. It cannot be said that the matters to which we have called attention could not have worked harm to the defendant. There was a sharp conflict in the evidence. While some of the matters standing alone might not warrant us in setting aside the verdict and granting a new trial, we think the last ground alone requires that disposition of the case.

The judgment of conviction and the order denying the motion for a new trial should be reversed and a new trial granted.

All concurred.

Judgment of conviction and order denying motion for new trial made pursuant to sections 331 and 467 of the Code of Criminal Procedure reversed, and new trial ordered upon questions of law only, the facts having been examined and no error found therein.

NOTE ON SECTION 542. CODE CRIMINAL PROCEDURE.

The conviction will not be set aside because a person who assisted in the prosecution of the case would, by shortly afterwards becoming

governor, be the person to whom an application for pardon must be addressed. People v. Menken, 3 N. Y. Crim. 233, 36 Hun. 91.

Nor where hearsay evidence of threats alleged to have been made by defendant against deceased, were admitted on trial for murder where his murderous intent and threats were otherwise fully proven. People v. Chacon, 4 N. Y. Crim. Rep. 173.

Nor where evidence showing existence of premeditation is erroneously admitted where the other evidence on the point is full and complete. People v. Otto, 4 N. Y. Crim. 149.

Nor for the want of a formal arraignment of, and plea on the part of the defendant, where he did not ask to plead, was present with his counsel throughout the whole trial, and did not, until after the rendering of the verdict and discharge of the jury, object that he had not been arraigned. People v. Osterhout, 3 N. Y. Crim. 443, 34 Hun. 260.

The fact that two justices of sessions sat with the presiding justice in a Court of Oyer and Terminer held to be a technical error where no objection was made at the term. People v. Book, 31 Hun. 360.

A verdict of guilty is not vitiated by the fact that 'a juror asked a question of the sheriff which was answered by him, the defendant being no way prejudiced by the circumstance. People v. Riley, 3 N. Y. Crim. 374.

Comments by the trial judge as to the force and effect of evidence furnish no ground for reversal where the jury was left to weigh the evidence and instructed to determine all the facts arising therefrom. People v. Druse, 5 N. Y. Crim. 10.

Where the defendant has given his version of a conversation and the interpreter gives his version after the witness has left the stand, wherein he substantially corroborates the defendant, and the complaint does not contradict this evidence the exclusion of the testimony of a witness who understands only English, offered to show what the Italian party to such conversation learned from it, cannot prejudice the defendant. People v. Garahan, 12 N. Y. Crim. 326, 19 App. Div. 348.

Where on the trial of an indictment for selling liquor on Sunday a witness testifies, apparently from his own knowledge that defendant paid the bill, the latter is not harmed by a ruling, denying a

motion to strike out the testimony of such witness that certain books showed that beer was sold to defendant.  People v. Dippold, 13 N. Y. Crim. 230, 30 App. Div. 65.

As to the discretion of trial judge in allowing defendant his counsel and the district attorney to accompany the jury.  People v. Thorn, 13 N. Y. Crim. 89, 156 N. Y. 286.

Upon the trial of a police officer for accepting a bribe of $550.00 for allowing a disorderly house to exist, evidence was received that several days before it was alleged the bribe was accepted the keeper of the house drew $450.00 from a certain bank, held while it might constitute a technical error it was insufficient to reverse.  People v. Bissert, 16 N. Y. Crim, 409, 437, 71 App. Div. 118.,

As to proof of other fraudulent acts as bearing on intent to commit larceny charged.  People v. Wickes, 11 App. Div. 550.

Although an indictment for assault in the second degree upon a police officer does not state facts showing that the officer assaulted was engaged in the lawful discharge of his duties, the Court will not reverse a conviction where it appears that the prisoner was convicted only of assault in the third degree.  People v. Doyle, 11 App. Div. 447.

A judgment of conviction will not be reversed because of remarks alleged to have been made by the district attorney in his opening where no part of the opening is printed in the record and all that is before the Appellate Court relating to such opening are the objections of the defendant and the remarks of the trial judge.  People v. Loomis, 76 App. Div. 243.

Where the charge to the jury is erroneous, the verdict must be set aside, unless it is apparent that the error did not and could not have affected the verdict; and it is not for the defendant to show how he was injured by it, but it rests with the prosecution to show that no possible injury could have arisen from the error.  People v. Helmer, 13 N. Y. Crim. 1, 154 N. Y. 596 revg., 12 N. Y. Crim. Rep. 134, 13 App. Div. 426.

Upon the trial of an indictment for an assault where the defendant as a witness in his own behalf has given material testimony, in conflict with that given on the part of the prosecution, held, that it was proper within the discretion of the trial court, as bearing on his credibility to ask him upon cross examination if he had not com-

mitted an assault upon another person. People v. Irving, 95 N. Y. 541.

A letter, written by bishop of diocese to defendant prior to commission of alleged crime, which has no tendency to throw light on real question of fact involved in the case, and can only prejudice and mislead the jury is inadmissible. People v. Fitzgerald, 13 N. Y. Crim. 36, 56 N. Y. 253.

A statement made by B. who was indicted with defendant for murder, was read over to B. by the police captain, in presence of defendant, who refused to say anything, being cautioned by the captain not to speak as it would be used against him, held, not a technical error. People v. Young, 16 N. Y. Crim. 502; 72 App. Div. 9.

The rule that challenges to an individual juror must be taken first by the People and then by the defendant is imperative and not directory merely; and violation thereof is not a technical error which may be disregarded by the Appellate Court. People v. McQuade, 110 N. Y. 284, 21 Abb. N. C. 419.

Where a clerk in a store was assaulted during a robbery and the accused claimed the offense was committed by other persons, but was identified by the clerk, it is error to refuse to permit accused to ask, upon the cross examination of the clerk whether he ever identified one of the persons whom the accused claimed had participated in the crime, as the person who held the revolver at his head, but when the accused is subsequently given full opportunity to cross examine the clerk in reference to his identification such error may be disregarded. People v. Stack, 14 N. Y. Crim. 384, 41 App. Div. 548.

Section 528 of the Code of Criminal Procedure must be construed in connection with section 542 of the same Code. People v. Constantino, 12 N. Y. Crim. 339 citing People v. Hoch, 150 N. Y. 291, 301; People v. Youngs, 11 N. Y. Crim. 546, 151 N. Y. 210.

The provisions of sections 542, 684 are mandates to which a court with reason and discretion should give full force and effect. People v. Fletcher, 14 N. Y. Crim. 328, 339, 44 App. Div. 210.

The finding of the Appellate Division that defendant's rights were affected by the admission of incompetent testimony is not open to review by the Court of Appeals. People v. Dorthy, 13 N. Y.

Crim. 30, 35, 156 N. Y. 237.   See also People v. Dorthy, 13 N. Y. Crim. 173.

However great the latitude conferred on the Court of Appeals of secs. 528, 542 of the Code of Criminal Procedure in capital cases the power to order a new trial is not to be exercised upon the mere appearance of some error to which no exception was taken, unless the substantial rights of the accused can be seen to be affected by it. People v. Constantino, 153 N. Y. 24, 12 N. Y. Crim. 339; (Citing People v. Hoch, 150 N. Y. 291, 301; People v. Youngs, 151 N. Y. 210, 223.)

Mere technical errors not affecting substantial rights of defendant are required to be disregarded.   See also People v. Meyers, 5 N. Y. Crim. 120, 125; People v. Johnson Id. 221; People v. Richards Id. 355, 371; People v. Dimick, 107 N. Y. 13; People v. Patrick, 182 N. Y. 131; People v. Connor, 53 Hun. 352; People v. Decker, 13 N. Y. Crim. 364, 157 N. Y. 186; People v. Corey, 13 N. Y. Crim. 384, 400, 157 N. Y. 332; People v. Benham, 14 N. Y. Crim. 227, 160 N. Y. 402; People v. Hess, 8 App. Div. 143, 150; People v. Mackinder, 80 Hun. 40; People v. Stephenson, 91 Hun. 629; People v. Budensieck, 103 N. Y. 487, 500.