## PEOPLE v. JONES.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. DISORDERLY HOUSE (§ 5*)—ELEMENTS OF OFFENSE.

A showing that a place was frequented by men addicted to the drink habit, that quarrels were of common occurrence, and that indecent language used on the premises was heard by those living in the neighborhood, was sufficient to establish the crime of keeping a disorderly house against the proprietor.

[Ed. Note.—For other cases, see Disorderly House, Cent. Dig. §§ 5, 9; Dec. Dig. § 5.*]

2. DISORDERLY HOUSE (§ 16*)—TIME OF OFFENSE—EVIDENCE ADMISSIBLE.

Under Code Cr. Proc. § 280, providing that the precise time of the crime need not be stated in the indictment, but may be alleged to have been at any time before the finding thereof, except where the time is a material ingredient in the crime, proof, in a prosecution for keeping a disorderly house, of obscene language uttered on the premises by the defendant after the date charged in the indictment and before it was found, is competent to establish the character of the place kept.

[Ed. Note.—For other cases, see Disorderly House, Cent. Dig. §§ 21–25; Dec. Dig. § 16.*]

3. INDICTMENT AND INFORMATION (§ 160*)—AMENDMENT—TIME OF OFFENSE.

Under Code Cr. Proc. §§ 293–295, authorizing an indictment to be amended as to the time of the commission of the offense, when such amendment would not prejudice defendant, an indictment for keeping a disorderly house may be amended as to the time of the offense, where the proof shows disorderly conduct after the date originally alleged, to conform to the proof.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 515; Dec. Dig. § 160.*]

4. DISORDERLY HOUSE (§ 16*)—EVIDENCE—ADMISSIBILITY.

In a prosecution for keeping a disorderly house, evidence that defendant sold cider or some beverage in the house, and that men were often intoxicated on the premises, was admissible to show the character of the place.

[Ed. Note.—For other cases, see Disorderly House, Cent. Dig. § 22; Dec. Dig. § 16.*]

5. CRIMINAL LAW (§ 369*)—OTHER OFFENSES—EVIDENCE.

In a prosecution for keeping a disorderly house, the fact that evidence of sales by defendant of cider or other beverages in the house, and that men were often intoxicated on the premises, would tend to convict the defendant of other crimes, was not ground for excluding it; it being relevant to the offense charged.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 823; Dec. Dig. § 369.*]

6. CRIMINAL LAW (§ 713*)—ARGUMENT OF COUNSEL—OPINION ON APPEAL.

A conviction of keeping a disorderly house by selling liquor, etc., was reversed on the ground that evidence was admitted showing that the town where the house was situated was a no-license town. On retrial, objection was sustained to the introduction of evidence that liquor was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sold in the house, and the prosecuting attorney said: "I am surprised at the ruling in view of the decision of the Court of Appeals in this case. The only thing they criticised was the proof that it was a no-license town." Whereupon the court changed its ruling. *Held*, that the remarks were proper and well within the discussion of the subject.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1663; Dec. Dig. § 713.*]

McLennan, P. J., dissenting.

Appeal from Wyoming County Court.

Jane Jones was convicted of keeping a disorderly house, and appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank W. Brown, for appellant.

John Knight, Dist. Atty., for the People.

SPRING, J. The defendant has been convicted of maintaining a disorderly house, a place of public resort, in that it was so kept as to habitually disturb the "peace, comfort and decency of the neighborhood" (Pen. Code, § 322) where it was located. A former judgment of conviction on this indictment, affirmed by this court, was reversed by the Court of Appeals for errors in the reception of evidence; the court holding, however, that the evidence was sufficient to sustain the crime charged. 191 N. Y. 291, 84 N. E. 61. The defendant, an elderly woman, carried on a restaurant at Silver Lake, in Wyoming county. About Silver Lake is a very noted summer resort, and the crowning event of the season is the County Pioneers' picnic, which in 1906 was held on the 2d of August, and the proof charging the defendant with maintaining a disorderly house centers about that event. The averment in the indictment is that on this date and for a year preceding the defendant maintained a house of the character charged.

The proof shows that men gathered there and drank hard cider, that they went to the place sober, coming out later intoxicated, and that loud, obscene language was often heard on the premises; the defendant at times participating in it. On the 2d of August, 1906, the premises were raided by the sheriff, and the defendant arrested, with several men grossly intoxicated. About 20 or 25 men were in a small room containing a bar, some of them noisy, others on the floor insensibly drunk, and the defendant was behind the bar furnishing the drinks. The proof ran back for a considerable period from this date, showing that the place was frequented by men addicted to the drink habit, and that quarrels were of common occurrence, and indecent language used on the premises was heard by those living in the neighborhood, and these acts were sufficient to establish the crime of keeping a disorderly house. Jacobowsky v. People, 6 Hun, 524, affirmed 64 N. Y. 659, on opinion below; King v. People, 83 N. Y. 587, 591.

In fact, it is not claimed that the evidence is insufficient to sustain the verdict. Upon the trial the people gave proof that two men were driving along the highway in front of the premises of the defendant, and she called out to them from her porch applying an obscene epithet

to one of them, and later, when these men were riding with a lady on this highway, the defendant called out: "Eh! Rum blossom!" It developed that the first encounter was in the month of August after the 2d and the other was on the 20th of September following.

Upon the application of the district attorney, the indictment was amended, charging that the defendant kept a disorderly house for the year immediately preceding the 20th of September, 1906. . The defendant's counsel excepted, and claims the court had no power to make the amendment. Later, when it appeared that the last of these two alleged transactions occurred on the day the indictment was filed, the evidence was stricken out by the court and the jury instructed to disregard it. The court, in allowing the amendment, kept within its discretion. Code Cr. Proc. §§ 293–295, incl.; People v. Formosa, 131 N. Y. 478, 481, 30 N. E. 492, 27 Am. St. Rep. 612; People v. Jackson, 111 N. Y. 362, 369, 19 N. E. 54; People v. Johnson, 104 N. Y. 213, 10 N. E. 690. No amendment, however, was necessary, for the precise date was not a material ingredient of the offense charged and need not have been specifically stated in the indictment. Section 280, Code Cr. Proc.; People v. Krank, 110 N. Y. 488, 18 N E. 242; People v. Emerson, 53 Hun, 437, 440, 6 N. Y. Supp. 274; People ex rel. Corkran v. Hyatt, 172 N. Y. 176, 204, et seq., 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706. Proof therefore of the obscene language uttered on the premises by the defendant after the date charged in the indictment, and before it was found, was competent. This proof was in line with the testimony on behalf of the people as to the character of the place, and which established to the satisfaction of the jury that it was a habitual disturbance to the people in the vicinity.

As was said in People v. Jackson, 111 N. Y. 362, at page 369, 19 N. E. 54, at page 57:

"It is enough that the crime was committed at some time prior to the finding of the indictment, and that it could be so understood from its allegations. * * * The indictment might, indeed, have been amended, * * * but that was not necessary for the preservation of any right of the defendant."

The defendant was not taken by surprise either by the reception of the evidence or the allowance of the amendment, and did not ask for any postponement of the trial.

The people gave evidence that the defendant sold cider or some beverage in this house, and that men were often intoxicated on the premises, and the jury were justified in finding that these men became intoxicated while there. It is claimed that the reception of this evidence was error. It was competent in support of the charge that the house was disorderly. It was pertinent to show that drunken men were carousing in the place, and that the defendant permitted and contributed to this revelry and disturbance by supplying them with intoxicating drinks. The continuous disturbance on the premises may be made up of a chain of various circumstances, all of which may be material to inform the jury of the truth of the charge contained in the indictment. The evidence may have tended to prove the defendant guilty of another offense. That was no reason, however, for its exclusion. The test

is whether it was pertinent upon the crime charged.  People v. Krank, 110 N. Y. 488, 18 N. E. 242.

Objection was interposed to the evidence offered by the district attorney to prove the sale of liquor on the premises, and the objection was first sustained.  Thereupon the district attorney said:

"I am surprised at the ruling in view of the decision of the Court of Appeals in this case.  The only thing they criticised was the proof it was a no-license town."

Exception was taken to this remark; the objectionable part consisting of the last statement.  One of the grounds for the new trial on the former appeal was that the people were permitted to show that the town where the defendant was conducting the restaurant was a no-license town.  The record of the former trial shows that liquor was sold on the premises, and also that no license to sell was permitted in the town.  The district attorney, for the purpose of showing that the evidence was admissible, stated, in effect, that the criticism of the court was confined to the reception of evidence that the town was no-license, and did not extend to the other proof which he desired to present. The remark was proper and well within the discussion of the subject.

I think the case is distinguishable from People v. Myers, 115 App. Div. 864, 101 N. Y. Supp. 291, relied upon by the counsel for the appellant.  In that case the defendant was found guilty of selling intoxicating liquors without having obtained a liquor certificate.  The defendant admitted he had no such certificate, and his defense was that he did not sell the liquors as charged in the indictment.  There was a close question of fact on this issue.  The trial judge, in his charge to the jury, commented on the fact that the vote of the town had been against the sale of intoxicating liquor, and this court held the reference to that fact was improper.  The comment was by the trial judge in his instructions to the jury and called pointed attention to an admitted fact and unimportant upon the real issue, and yet the jury may have deemed it significant and even decisive.

The remark of the district attorney here criticised was for the purpose of explaining the decision of the Court of Appeals, and the distinction made was apparently accepted by the court, for the ruling was changed and the evidence admitted.  The counsel for the defendant was contending on the trial, as upon this appeal, that evidence of the sale of liquor by the defendant was incompetent, and the district attorney was endeavoring to show that the opinion of the Court of Appeals did not condemn this class of evidence.

The other alleged errors are unimportant and not prejudicial to the defendant, and in the procedure now prevailing (Code Cr. Proc. § 684) do not invalidate the judgment.

The disorderly character of the house was established by overwhelming evidence, and I think the judgment should be affirmed.

Judgment affirmed.  All concur, ROBSON, J., in result, except Mc-LENNAN, P. J., who dissents upon the ground that the amendment of the indictment and the proof received thereunder constitute reversible error.