Parker C. J.,
in giving the opinion of the Court, said in substance, that the return ought to have stated the time when the prisoner was committed under the second sentence, and the time when that sentence would expire. The prisoner is now without doubt held under the additional sentence.
There can be no question, but that if the statute of 1817, c. 176, were ex post facto, it would be the duty of the Court to hold it to be invalid. It would not be a law. It is contrary to the fundamental principles of a free government, that a law should operate retrospectively, so as to make an act criminal, which, at the time when it was done, was innocent; and if the legislature should pass such a law, the Court *181 might perhaps decide that it was passed by mistake, even ii we had no constitution prohibiting the enactment of ex post facto laws. But there is a clause in the constitution of the United States, which is of paramount authority, to prevent any State from passing such laws; so that without resorting to fundamental principles, it would be the duty of the Court to say that the statute in question, if it is ex post facto, is not law.
The general nature of ex post facto laws is, to make acts criminal, which, at the time when they were done, were innocent, and which had not been made an offence by any previous law.
It is contended that the statute in question is of this nature. It is said, (and this is the only way in which the statute can be supposed to be ex post facto,) that the party is punished under it for his first offence. If so, the statute is undoubtedly ex post facto ; for adding a new punishment, or increasing the old one for that offence, would be ex post facto. A party ought to know, at the time of committing the offence, the whole extent of the punishment; for it may sometimes be a matter of calculation, whether he will commit the offence, considering the severity of the punishment.
But if this is an additional punishment to an offence committed after the passing of the statute, to be inflicted by the court upon coming to the knowledge of certain facts, the statute is not ex post facto. As if a law were made, that a person under a certain age committing a crime should receive a mild punishment, and that a person over that age committing the same crime should be punished severely ; and further, that if it should be found, after the mild punishment had been awarded, that the culprit was over the age prescribed, then the severe punishment should be inflicted, this would not be ex post facto; because the extent of punishment 'was declared before the offence was committed.[1]
*182 This statute might perhaps have been intended to operate on criminals already in prison ; and some informations were accordingly filed in cases of that sort. But this objection was made, and two judges, at nisi prius, were of opinion that the statute could not be construed to apply to such cases.
On recurring to St. 1804, c. 143, § 3, it will be found to contain a provision similar in effect to the statute in question ; and its being acquiesced in for twenty years furnishes strong evidence of its being correct in principle.
The statute alluded to provides, that if any person having been before convicted of larceny, shall afterwards commit another larceny, he shall be punished more severely than if he had not previously committed the like offence. The punishment is enhanced from the character of the culprit. So the same statute provides that if a person shall be con victed at the same term of three distinct offences, he shall receive a more severe punishment. The same objection would apply in these cases, as much as in the one under consideration, that the culprit was punished because he had committed prior offences, and that he was punished anew for those offences. But in our view the punishment is for the last offence committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself.
In regard to the objection #made to the process, this is not an information of an offence for which a trial is to be had, but of a fact, namely, that the prisoner has already been convicted of an offence ; and this fact must appear, either by his own confession, or by verdict of a jury, or otherwise according to law, before he can be sentenced to the additional punishment. Is he to be sentenced for an offence distinct from the one for which he has been tried upon an indictment ? We apprehend not; but the only question is, whether he is such a person as ought to have been sentenced, on his last conviction, to additional punishment, *183 if the fact of a former conviction had then been known to he court. There was no need of a presentment by a grand jury, for no offence was to be inquired into. That had been dready done. An indictment is confined to the question whether an offence has been committed. Here the question was simply whether the party had been convicted of an ’fence.
It is said, that at common law both offences should be tated in the same count.* [1] The question upon this is,
.Vi ther the legislature had not a right to prescribe a differ--'in mode ; and we think they had.

Prisoner remanded.

Another case upon this statute of 1817 came before the court in July 1825, in Suffolk. S. D. Parker presented the petition of William Riley, a convict in the state prison, who had been sentenced under the statute to an additional punishment, stating that Riley’s last offence had been committed before the statute was passed, and praying for a writ of error or a writ of habeas corpus. The Court granted a habeas corpus, and upon the return of the writ the Solicitor General suggested, that according to St. 1784, c. 72, § 1, the prisoner was not entitled to relief upon a habeas corpus, but that his proper remedy was by writ of error.
The Chief Justice said, the next day, that a majority of the Court were of opinion that the prisoner could not be relieved upon a habeas corpus, as the St. 1784, c. 72, excludes from the benefit of this writ, “ persons convict or in execution by legal process, criminal or civil.” We cannot examine, upon this summary process, whether the additional punishment was rightly awarded or not. The proper mode of relief is by a writ of error.[1]
The prisoner accordingly sued out a writ of error imme *184 diately, and assigned for error the fact stated in his petition as before mentioned ; and the Solicitor General came into court and took notice of the writ and admitted the service thereof, and pleaded in nullo est erratum ; but being únanle to contest the fact assigned for error, the judgment or the additional punishment was reversed.

 See Strong v. The State, 1 Blackford's (Ind.) R. 193. An ex post facto law is one which renders an act punishable in a manner, in which it was not punishable, when it was committed. Fletcher v. Peck, 6 Crunch, 138, (2 Peters’s Cond. R. 322;) 3 Story on the Constitution, 212, 213. A statute erecting *182 a new tribunal, or giving jurisdiction to an existing court, to try past offences, is not ex post facto. Commonwealth v. Phillips, 11 Pick. 28. See a note by Mr. Justice Johnson, on the exposition of the phrase, “ ex post facto ” in the Constitution of the United States, in 2 Peters, 681, App. No. I.

 If the indictment recites the former conviction the court must award the full measure of punishment in the first instance. No information lies for the residue, after the former conviction has been thus judicially before the court. See Commonwealth v. Phillips, 11 Pick. 34.

 See Ex parte Tobias Watkins, 3 Peters, 201.