THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL ROSEN, Appellant.

Habitual criminal — courts have no authority to adjudge a defendant an habitual criminal, unless he has been convicted of a crime charged in the indictment as a second offense — statutes relating to habitual criminals construed and applied.

1. The statute (Penal Law, §§ 1020, 1021) provides that a person convicted of a felony who has been, before such conviction, convicted in this state of any other crime may be adjudged by the court, in addition to any other punishment inflicted upon him, to be an habitual criminal and that such habitual criminal shall be at all times subject to the supervision of every judicial magistrate of the county, and of the supervisors and overseers of the poor of the town where he may be found. These provisions, however, relate only to a case where an accused person has been duly charged in the indictment with, and subsequently convicted of, a second offense.

2. Where a defendant indicted for burglary in the first degree, not charged as a second offense, pleaded guilty to such charge, and it appeared upon his examination prior to sentence, pursuant to the statute (Code Crim. Pro. § 485a), that he had before been convicted of a felony and sentenced to a reformatory, it was error for the trial court, acting upon such information, to adjudge that the defendant was an habitual criminal. It was proper, however, for the court to

utilize the information of a prior conviction for the purpose of giving a fixed sentence instead of the indeterminate one to which, if not before convicted, he would have been entitled under section 2189 of the Penal Law.

*People* v. *Rosen,* 150 App. Div. 595, modified.

(Argued March 12, 1913; decided April 15, 1913.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 31, 1912, which affirmed a judgment of the Court of General Sessions of the Peace of the county of New York rendered upon a plea of guilty of burglary in the first degree.

The facts, so far as material, are stated in the opinion.

*John P. Judge* for appellant. The judgment of the court sentencing the defendant for the term of thirty years and adjudging him an habitual criminal on his plea of guilty to an indictment accusing him of the crime of burglary in the first degree, was erroneous. (*People* v. *Jordan,* 125 App. Div. 522; *People* v. *Johnston,* 112 App. Div. 813; *People* v. *Bosworth,* 64 Hun, 80; *People* v. *Cook,* 45 Hun, 34; *People ex rel. Bretton* v. *Schlith,* 68 Misc. Rep. 308; *People ex rel. Cosgriff* v. *Craig,* 195 N. Y. 194; *People* v. *Sickles,* 156 N. Y. 541; *Johnson* v. *People,* 55 N. Y. 512; *Wood* v. *People,* 53 N. Y. 511; *People* v. *Bretton,* 144 App. Div. 282.)

*Charles S. Whitman, District Attorney* (*Robert S. Johnstone* of counsel), for respondent. The sentence is in all respects legal and proper. (*People* v. *Sickles,* 156 N. Y. 541; *Johnson* v. *People,* 55 N. Y. 512; *People* v. *Price,* 53 Hun, 185; 119 N. Y. 650; *People* v. *Jordan,* 125 App. Div. 522; Penal Law, §§ 407, 1940, 1941, 2191; *People* v. *Raymond,* 96 N. Y. 38.) The adjudication that the defendant was an habitual criminal was also proper. (Penal Law, § 1020; Code Crim. Pro. §§ 510,

511; *People* v. *Price,* 53 Hun, 185; 119 N. Y. 650; *People ex rel. Cosgriff* v. *Craig,* 195 N. Y. 190.)

HISCOCK, J.   The somewhat informal and abbreviated character of the record presented on this appeal becomes harmless in view of the lack of any dispute concerning the force and meaning to be given to it.   Adopting the conceded interpretation placed thereon, it appears that the appellant was indicted for burglary in the first degree, not charged as a second offense, and pleaded guilty to such charge; that in the course of his examination by the presiding judge prior to sentence, pursuant to section 485a of the Code of Criminal Procedure, it appeared that he had before been convicted of a felony and sentenced to the Elmira Reformatory, and thereupon it was adjudged that he was an habitual criminal, and that he be imprisoned for a fixed term of thirty years in state's prison.   The complaint by appellant now is that in the absence of any charge in the indictment of a second offense and acting solely on information developed on his examination as aforesaid, the court had no right to adjudge him an habitual criminal and deprive him of the indeterminate sentence secured to first offenders, and this complaint involves the examination of several provisions of the Penal Law and Code of Criminal Procedure.

Section 1941 of the Penal Law provides for a punishment of increased severity for one "who, after having been convicted within this state, of a felony, or an attempt to commit a felony,   *   *   *   commits any crime, within this state."   It is so well settled as to be conceded upon this appeal that the severer punishment provided by this section cannot be imposed unless the indictment itself charges the prior conviction.   The prior conviction is such an element of the second offense that it must be charged in the indictment and information thereof developed on the examination of the accused before sentence under section 485a would not be sufficient for the pur-

poses of this section. (*People* v. *Sickles,* 156 N. Y. 541.)

Section 1020 of the Penal Law provides that "Where a person is hereafter convicted of a felony, who has been, before that conviction, convicted in this state, of any other crime, or where a person is hereafter convicted of a misdemeanor who has been already five times convicted in this state of a misdemeanor, he may be adjudged by the court, in addition to any other punishment inflicted upon him, to be an habitual criminal."

Section 1021 of said law provides that "The person of an habitual criminal shall be at all times subject to the supervision of every judicial magistrate of the county, and of the supervisors and overseers of the poor of the town where the criminal may be found," etc.

These are the sections under which appellant has been adjudicated an habitual criminal, and it is urged and thus far has been held that for procedure under them it is not necessary to charge in the indictment a prior conviction, but that a convicted person may thus be additionally punished by virtue of information developed on his examination before sentence. We are not able to agree with this view.

This section provides for a judgment of habitual criminality, by which there is imposed upon the offender a distinct punishment, for the latter is declared to be "in addition to any other punishment inflicted upon him," and as a matter of fact the supervisory powers to be exercised over one who has been thus adjudged an habitual criminal do make an added punishment of no mean degree. A judgment inflicting additional punishment upon a convicted person in a criminal proceeding naturally and fairly imports action based upon an accusation and a hearing whereby the rights of the accused person are amply protected. Such requirements are of course amply satisfied where an accused person is duly indicted and prosecuted as a second or subsequent offender.

It may also be assumed that the legislature might provide for an independent trial of the question whether a convicted person had been convicted of a prior offense, and make an affirmative determination reached in such proceedings the basis for the additional punishment on the last conviction, although such prior offense had not been charged in the indictment for the later crime. (*McDonald* v. *Massachusetts,* 180 U. S. 311; *Graham* v. *State of West Va.,* 224 U. S. 616.)

But it is sufficient for the purposes of this discussion to say that no such provision has been made, and unless such prior offense is charged in the indictment or disclosed on the trial in some incidental manner there is no way in which the court can be informed of it, except through the examination provided for by section 485a of the Code of Criminal Procedure, already referred to, and which provides: " It shall be the duty of the court in which any person shall be convicted of an offense punishable in a state prison, before passing the sentence therefor, to ascertain by the examination of such convict on oath, and in addition to such oath, by such other evidence as can be obtained, whether such convict had learned and practiced any mechanical trade, and in like manner such other facts tending to indicate the causes of the criminal character or conduct of such convict, as to the court shall seem proper and desirable," etc.

On an examination under this section if the convicted person chooses to deny his former conviction or declines to answer questions concerning the same, there is no way in which the court can investigate the subject, because of course it is not to be thought that under this section the court might pursue an *ex parte* investigation without notice for the purpose of securing information upon which to base a judgment of habitual criminality. Thus it would follow that really a penalty would be inflicted on a person willing to admit a former conviction and a premium placed on the dishonesty or silence of one who

refused to admit it, and the infliction of additional punishment under section 1020 of the Penal Law for prior convictions based on examinations under section 485a be made uncertain and unsatisfactory. I do not believe that the legislature intended any such results, but rather that we are to construe section 1020 as relating to a case where an accused person has been duly charged in the indictment with and subsequently convicted of a second or subsequent offense.

There remains the question whether information of a prior conviction developed under section 485a may be utilized by the court for the purpose of giving a fixed sentence instead of the indeterminate one to which a person not before convicted is entitled under section 2189 of the Penal Law. While some of the considerations which enter into the solution of this question may seem to be the same as those involved in the other question just discussed, I think that there is a distinction between the two which leads to a different answer than that before given.

As has been pointed out, in prosecuting and punishing a convicted person under sections 1020 and 1941 of the Penal Law his status is established as that of a second or subsequent offender for the purpose and with the result of inflicting a more severe punishment. The fact that he has been before convicted became an element in making his succeeding offense of a different and graver character than it would otherwise have been.

But, without changing its grade, it is permissible for the legislature to prescribe for an offense varying conditions of punishment, which are not necessarily of different degrees of severity but which simply afford an opportunity for infliction of that sentence which is supposed to be best adapted to a given class of offenders. This is what it has done in many ways. It has done it in the case of the appellant's crime, burglary in the first degree. The general, standard punishment, so to speak, for this crime not prosecuted as a second offense is imprisonment for not less

than ten years in a state prison (Penal Law, section 407). But in the cases of male offenders within certain ages provision is made for confinement in other places than a state prison (Penal Law, sections 2184, 2185, 2186), and outside of these ages provision is made for the indeterminate sentence of those not before convicted. In each case the crime remains the same, burglary in the first degree not charged as a second offense. Nor can it be said, for instance, that the fixed sentence imposed under section 407 is necessarily more severe than the indeterminate one prescribed by section 2189. In fact, in the case of *People* v. *Levine* (207 N. Y. 716), it was bitterly complained by the appellant, who was jointly indicted with the appellant in this case, that the indeterminate sentence imposed on him would result in a much longer imprisonment than the fixed one imposed on the present appellant under the commutation allowed by law.

The difference in the details of punishment may be supposed to be adapted to the different characters and histories of the offenders for the purpose of accomplishing the best results by their punishment, and in my opinion as a basis for carrying out such a purpose as that the court should be permitted to ascertain by an examination under section 485a whether the person to be sentenced has been before convicted just as it is permitted to ascertain other facts of age and occupation.

The judgment appealed from should be modified by striking therefrom the provision adjudging the appellant an habitual criminal, and as so modified affirmed.

CULLEN, Ch. J., GRAY, WERNER, COLLIN and CUDDEBACK, JJ., concur; MILLER, J., not sitting.

Judgment modified.