THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HOWARD B. REESE, Appellant.

First Department, May 29, 1931.

*Caesar B. F. Barra* of counsel [*Ralph J. Barra* with him on the brief; *Caesar B. F. Barra*, attorney], for the appellant.

*Michael J. Driscoll, Deputy Assistant District Attorney*, of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

MARTIN, J. On September 15, 1930, the defendant pleaded guilty to attempted forgery in the third degree. Thereafter, in accordance with the provisions of section 1943 of the Penal Law, as added by chapter 457 of the Laws of 1926, the district attorney, on November 19, 1930, filed an information charging defendant with having been previously convicted under other names in several States for three distinct crimes, which crimes would be felonies if committed within the State of New York.

By his silence the defendant in effect denied the allegations contained in the information and was brought to trial on January 29, 1931, before a jury impanelled to hear the allegations contained in the information and to decide the question whether the defendant was the person alleged to have been convicted on three previous occasions and under different names and aliases.

On January 29, 1931, the jury rendered a verdict finding the defendant to be the same person alleged to have been convicted on each of the three previous occasions stated in the information herein. The defendant contends on this appeal that the verdict or determination of the jury was the result of errors of law which deprived him of a fair trial, and that the trial was not in accordance with the law and procedure of this State.

This appeal concerns only the legality of the commitment of the defendant as a fourth offender and his sentence to a State prison for the term of his natural life.

The first felony for which defendant was convicted was that of forgery, which conviction was obtained in the Superior Court, county of Spokane, State of Washington, under the name of E. F. Lathrop. To prove the conviction a properly exemplified copy of the information, conviction, sentence and commitment were admitted in evidence. The fingerprints of E. F. Lathrop attached thereto were also produced and were shown to be those of the defendant herein.

The second felony for which the defendant was convicted on or about January 14, 1921, under the name of E. E. Lewiston, in the Eighth Judicial District Court, Lorimer county, State of Colorado, was for the crime of false pretenses. He was sentenced to a State penitentiary for a term of three to five years. An exemplified copy of the information, conviction, sentence and commitment of the defendant under the name of Lewiston in the State of Colorado was admitted in evidence. Fingerprints of defendant were also admitted.

The third felony for which defendant was convicted was upon a plea of guilty by a person known as Earl Freeman Lathrop, alias Ernest Gordon, charged with forgery in Multnomah county,

Ore. This conviction was established by similar exemplified copies of the record. There was also presented to the court a certificate signed by J. S. Murray, certifying that he was the custodian of fingerprint records of persons convicted of crime, and this certificate recites that the fingerprints in his custody are identical with those attached to and accompanying said certificate of a person convicted of the crime of forgery who was sentenced on December 16, 1924, to serve not to exceed five years in Oregon State Penitentiary.

The defendant contends that the court erred in holding that the hearing on this information was not a criminal proceeding supplemental to the original criminal action upon the indictment filed against him; that it was error to admit the records of convictions in other jurisdictions and the evidence of fingerprint records of defendant, as being violative of defendant's constitutional right not to be compelled to be a witness against himself, and that the defendant was entitled on the trial to peremptory challenges. The defendant also contends that error was committed in failing to charge the jury that the identity of the defendant must be proved beyond a reasonable doubt, and in refusing to charge the jury as a matter of law that there is a presumption that the defendant was not the man mentioned and described in the information.

The court properly held that this was a proceeding supplemental to the original trial, not the trial of a criminal action and, therefore, not governed by the rules applicable thereto. In *Graham* v. *West Virginia* (224 U. S. 616, at p. 624) the United States Supreme Court said: " ' The proceedings under the statute are for identification only. They are clearly not for the establishment of guilt. The question of guilt is not reopened.' *State* v. *Graham*, 68 W. Va. 248, 251."

In *People* v. *Gowasky* (244 N. Y. 451, 464) the Court of Appeals said: " The only thing that is to be tried before a jury is the identity of the prisoner." In that case it was also said: " This court, in *People* v. *Rosen* (208 N. Y. 169, decided 1913), again held, following the *Sickles Case* [156 N. Y. 541], that in order to convict a prisoner as a second offender and give him increased punishment, it was necessary to allege his previous convictions in the indictment and to prove them on the trial. Now we have changed all this and adopted the other practice. Previous convictions need not be alleged in the indictment, nor proved upon the trial of the new charge. * * * The old practice is still permissible; the indictment, as formerly, may plead the prior convictions, and proof of them may be given at the trial under such pleading, but it is no longer necessary."

The practice here followed is not new. Similar statutes have

been in force in Massachusetts for a number of years and this subject has been considered by the Supreme Court of the United States in *Graham* v. *West Virginia* (*supra*), where the Code of West Virginia, which embodied in substance the Massachusetts statute, was before the court. (*People* v. *Gowasky, supra; Matter of Ross*, 19 Mass. 165; *Graham* v. *West Virginia, supra*.)

In *Graham* v. *West Virginia* (*supra*) the United States Supreme Court held that the course to be followed in this proceeding was solely a matter for State legislative control; that the trial of the criminal action was a separate matter. If it is found that defendant is the same person who was previously convicted of certain other felonies, *at any time* after the conviction a hearing may be ordered, and if the jury determines that the defendant is the same person, he may be given additional punishment.

Several of the points here involved were recently before this court in similar proceedings. By unanimous opinion in *People* v. *Schaller* (224 App. Div. 3) we held: (1) That such a proceeding was a collateral proceeding, and (2) that the defendant was not entitled to peremptory challenges on a trial of an information filed under Penal Law, section 1943. We held in *People* v. *Rocco* (229 App. Div. 847) that the rule requiring proof beyond a reasonable doubt did not apply.

In *Graham* v. *West Virginia* (*supra*) the matter of proving identity in such a proceeding was before the United States Supreme Court. It was there said: "A State may make different arrangements for trials under different circumstances of even the same class of offenses; * * * and certainly it may suitably adapt to the exigency the method of determining whether a person found guilty of crime has previously been convicted of other offenses. All who were in like case with the plaintiff in error were subject to the same procedure. He belonged to a class of persons convicted and sentenced to the penitentiary whose identity as former convicts had not been determined at the time of their trial. As to these, it was competent for the State to provide appropriate means for determining such identity."

The defendant's identity has been proved by exemplified copies of records of conviction setting forth the crimes and the dates of conviction as well as by fingerprints. Here the fingerprints were compared and proved to be similar to those of the defendant which had been made in New York city on at least two other occasions. The fingerprint certificate is sworn to by the maker thereof, who states in detail the facts, including the crime and the commitment.

The contention is made by the defendant that a case may not be proved against him by exemplified copies of convictions and finger-

prints from other States, that he must be confronted by witnesses to prove his convictions, who may personally testify to the facts.

The Federal constitutional provision requiring that a defendant on a criminal prosecution shall have the right to be confronted with the witnesses against him is found in the Sixth Amendment to the Federal Constitution. The courts have frequently held that the first ten amendments to the United States Constitution are not operative upon the States of the Union, but apply to the Federal courts. (*People ex rel. Darling* v. *Warden of City Prison*, 154 App. Div. 413; *People* v. *Fish*, 125 N. Y. 136, 151; *Twining* v. *New Jersey*, 211 U. S. 78.)

The provision giving a party accused of crime the right to be confronted by the witnesses against him does not apply to the proof of facts in their nature essentially and purely documentary. Where facts from their very nature can only be proved by a record or a duly authenticated copy of a record, proof of such facts does not fall within the Federal constitutional inhibition, since the genuineness of the original was determined by inspection of the copies and by an examination of the certificates. The right of the accused to be confronted by witnesses was intended to be secured to the accused, not under all circumstances, but only when it would bring with it the benefit of testing the truth of the testimony by meeting a prosecuting witness face to face and subjecting him to cross-examination. (*State* v. *Behrman*, 114 N. C. 797.)

This provision of the Federal Constitution securing to an accused person the right to be " confronted with the witnesses against him," does not exclude proper documentary evidence. As was said in Bishop's New Criminal Procedure (2d ed. § 1134): " The constitutional right of persons accused of crime to be ' confronted with the witnesses ' against them is interpreted as not extending to documentary proofs." (See, also, *Runde* v. *Commonwealth*, 108 Va. 873.)

These certificates were evidence of former convictions in so far as certified by those properly authorized to do so.

The fingerprints were competent evidence. They were proved to be those of the defendant. The Court of Appeals in the case of *People* v. *Roach* (215 N. Y. 592, 604) said: " In view of the progress that has been made by scientific students and those charged with the detection of crime in the police departments of the larger cities of the world, in effecting identification by means of finger-print impressions, we cannot rule as a matter of law that such evidence is incompetent. Nor does the fact that it presents to the court novel questions preclude its admission upon common-law principles. The same thing was true of typewriting, photography and X-ray photographs, and yet the reception of such evidence is a common

occurrence in our courts." (See, also, *People* v. *Jennings*, 252 Ill. 534.)

Any documentary evidence is competent against a defendant in such a proceeding if it is properly authenticated. The fact that this defendant has been convicted in Colorado could be shown by exemplified copies of the conviction and by the fingerprints showing that he was the same person there convicted.

In addition, however, there is a section of the Code of Criminal Procedure providing for such evidence, and it has been held that a State may make its own laws concerning evidence with reference to all criminal procedure. The State of New York, through its Legislature, did provide appropriate means for establishing the identity of a person who had previously been convicted of a felony by enacting section 482-b of the Code of Criminal Procedure (added by Laws of 1927, chap. 356), which provides: " The report of a person charged with the custody of finger print records of persons convicted of crime, who shall certify in writing that the records in his custody show certain previous convictions of persons whose finger prints are identical with those of a defendant shall be *presumptive evidence* of the fact of such previous convictions of such defendant."

This section alone is sufficient to warrant the admission of the fingerprint evidence. It does not limit the evidence to a report made in this State, but refers to reports generally and made anywhere. The report in this case was sworn to by the maker. (*Graham* v. *West Virginia, supra.*) Aside from the fact that any duly authenticated documentary evidence is admissible to prove the fact of identity, the Code which specifically provides for the proof of fingerprints does not limit that proof to any particular State. If the proof complies with the terms of the statute, it is admissible irrespective of the source from which it comes. The Legislature had the right to provide for such evidence and to say what shall be sufficient proof.

The documents presented and offered in evidence in this proceeding to determine the identity of this defendant as the same person who had committed three other felonies were properly exemplified and properly authenticated copies of the judicial proceedings of the respective States where the defendant had previously been convicted of crime.

They were, therefore, also admissible in evidence in pursuance of section 687 of title 28 of the United States Code. That section provides in part as follows: " The records and judicial proceedings of the courts of any State or Territory, * * * shall be proved

or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

The evidence offered to prove the identity of the defendant was competent. The rules stated by the trial justice were correct. The judgment should be affirmed.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; McAVOY, J., dissents and votes for reversal and a new trial.

McAVOY, J. (dissenting). I think, as in the case of *People* v. *Watterson* (232 App. Div. 630), decided herewith, that it was reversible error to admit the fingerprint records of the States of Washington, Colorado and Oregon, because there is no provision in section 482-b of the Code of Criminal Procedure, or any other statute, permitting the introduction of such testimony when produced from records and offices not within this State.

The judgment should be reversed and a new trial ordered.

Judgment affirmed.