THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY D. WATTERSON, Appellant.

First Department, May 29, 1931.

*George H. Combs, Jr.,* for the appellant.

*Michael J. Driscoll, Deputy Assistant District Attorney,* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

PER CURIAM. For the reasons stated in the prevailing opinion in *People* v. *Reese* (232 App. Div. 624), handed down herewith, the judgment should be affirmed.

Present — FINCH, P. J., MERRELL, McAVOY, MARTIN and TOWNLEY, JJ.; McAVOY, J., dissents and votes for reversal and a new trial.

McAVOY, J. (dissenting). The defendant was arraigned in accordance with section 1943 of the Penal Law (added by

Laws of 1926, chap. 457) on an information filed by the district attorney, which charged the defendant as having previously been convicted under other names and aliases in other States of four certain crimes, which crimes would be felonies if committed within this State.

The information was brought to trial before a jury which was required under the issue presented to decide whether the defendant was or was not the person alleged to have been convicted on four previous occasions in other States under differing names or aliases.

The jury found that the defendant was the same person as the one alleged to have been convicted on the four other previous occasions which were alleged in the information. Proof of the alleged conviction of the defendant under the name of Charles Clark in the Commonwealth of Massachusetts for the crime of larceny from the person was given at the trial of the information. The People introduced in evidence, over defendant's objection, a certain exhibit, purporting to be a certificate from one Hill, "Agent [for the] Identification of Criminals and Custodian of Fingerprint Records in the Commonwealth of Massachusetts." This certificate set forth that the fingerprints attached to the certificate corresponded with the fingerprints in the agent's custody in Massachusetts, which were taken from a defendant sentenced in January, 1910, to a house of correction located in that Commonwealth. The aforesaid certificate does not give the name of the defendant who was convicted in Massachusetts. The set of finger prints attached to the certificate purported to be sent by the police department of the city of New York. This exhibit was the only evidence received which identified the appellant here with the Charles Clark of the Massachusetts conviction.

It is contended by the People that such testimony may be received under the authority of section 482-b of the Code of Criminal Procedure (added by Laws of 1927, chap. 356), which reads as follows: " The report of a person charged with the custody of finger print records of persons convicted of crime, who shall certify in writing that the records in his custody show certain previous convictions of persons whose finger prints are identical with those of a defendant shall be presumptive evidence of the fact of such previous convictions of such defendant."

This statute is challenged as in conflict with the Civil Rights Law and the Code of Criminal Procedure in respect of a defendant's rights to be confronted with the witnesses against him in the presence of the court. (Civ. Rights Law, § 12; Code Crim. Proc. § 8.)

Whether or not the defendant is entitled, in a proceeding supplementary or collateral to the trial at which he was convicted, to be

confronted with witnesses to identify fingerprints proven on the trial to the satisfaction of the court to have been taken from him, I think that section 482-b of the Code of Criminal Procedure does not authorize the introduction in evidence of documents or certificates or reports of officers not within the State of New York, and occupying the position mentioned in the statute as a " person charged with the custody of finger print records of persons convicted of crime." Wigmore says that three elements are necessary to be proved in order to make a certificate admissible as evidence: The authority of the person signing; the incumbency, *i. e.*, that he is actually the person he claims to be; and the genuineness of the signature or seal. (3 Wigm. Ev. [2d ed.] § 1679.) There is no proof here that the signer of the certificate is, as he states, "Agent Identification of Criminals and Custodian of Fingerprint Records; " that he has the authority of that office, or that he is the person named therein as holding the office. There are merely declarations by himself of his authority and in so far as they affect the defendant, pure hearsay. The certificate was admitted without such proof because it purported to be a certificate containing the information required under section 482-b. The certificate was never properly authenticated as such, nor was any ground laid at the trial for its admission under accepted rules of evidence.

However, there might be ground upon which argument might be based that the Legislature is competent to provide rules of presumptive evidence which do not violate the constitutional rights of the defendant in any matter collateral to a trial for the purpose of determining the amount or term of a sentence. It certainly could abolish by appropriate legislation the statutory rights under section 12 of the Civil Rights Law, and the rights granted under section 8 of the Code of Criminal Procedure, and if the provision of section 482-b authorizes reception in evidence of a certificate made without the State, a record of similar import might be admissible under such legislative authority. But there is nothing to indicate that the Legislature intended to make this statute applicable to the introduction of evidence therein described, when such record issues from another jurisdiction.

If the statute's provisions are confined to reports emanating from public offices within this State, the Legislature would have in mind, and the courts would know, at least by judicial notice, the method, manner and nature of the custody and production of the fingerprints; the authority, incumbency and genuineness of signatures or seals, and a construction that the Legislature intended the statute to apply within the State would be reasonable. But

it cannot be said that this applies to reports of records issuing from States foreign to our jurisdiction.

The statute containing no direct provision permitting the introduction without further proof of reports of officers located without the State, this report was not properly received in evidence.

Since it cannot be determined whether the convictions against the defendant were founded upon the admission of the Massachusetts certificate and two other convictions, and since the jury may have discredited any one of the other three remaining convictions alleged, their verdict may have been based on the two convictions and the Massachusetts conviction. Four convictions were alleged. One certainly, if not two of these, was proved by incompetent testimony and should have been withdrawn from the consideration of the jury. Since all were submitted, it is impossible to determine which three of the four the jury accepted. It cannot be argued that it believed all four, since there was no special verdict, and it was not asked to designate those convictions on which it predicated the verdict. It may have found the Massachusetts conviction as that of the defendant and rejected one of the other convictions as having been found against the identical defendant. We cannot know and we may not speculate.

The judgment should, therefore, be reversed and the proceeding remanded for retrial.

Judgment affirmed.