THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM FINE and Another, Appellants.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, June 23, 1931.

*Fred D. Kaplan*, for the appellants.

*Thomas C. T. Crain*, District Attorney [*Edward Laughlin* of counsel], for the respondent.

PER CURIAM. This is an appeal from the judgment of conviction of the defendants in the City Magistrates' Court for a violation of subdivision 10 of section 887 of the Code of Criminal Procedure. The defendants were sentenced to a term of six months in the workhouse. The statute under which the defendants were convicted reads as follows:

" § 887. Who are vagrants. The following persons are vagrants:

\* \* \* \* \* \* \* \*

" 10. A person who has been more than once convicted as a pickpocket, thief, or burglar, and having no visible means of support, found loitering about steamboat landings, railroad stations, banking institutions, crowded thoroughfares, cars, omnibuses, hotels, or any public gatherings or assembly, and unable to give a satisfactory explanation of his presence."

In order to sustain the offense charged it was incumbent upon the People to establish that each of the defendants had been convicted more than once as a pickpocket, thief or burglar. The People attempted to establish these previous convictions in the following manner:

(a) The two police officers testified to the effect that the defendants had been each convicted once of disorderly conduct (jostling).

(b) A police officer, custodian of the fingerprint records in the police department, produced fingerprint records of the defendants, which were admitted in evidence, over the objection of the defendants' counsel, to prove previous convictions of each of the defendants of crimes, some of which convictions were had within the jurisdiction of the city and State of New York. That was the only proof offered by the People to establish that the defendants were convicted more than once of any of the offenses specified in the above section.

Under section 482-b of the Code of Criminal Procedure, the fingerprint records, properly authenticated by the proper authorities,

are admissible for the purpose of establishing, presumptively, that the defendants are the same defendants previously convicted of a crime or crimes; but the admission of such fingerprint records alone without further proof as to what crimes the defendants have been previously convicted of is insufficient. The proper method of establishing the crimes of which the defendants were previously convicted is, whether the convictions were within or without the jurisdiction, by offering the original or exemplified copies of the information, conviction, sentence and commitment of the previous actions wherein the previous convictions were had. In order to establish that either of the defendants had been more than once convicted as a pickpocket, thief or burglar, it was essential not only to prove the identity of the defendants by means of the fingerprints but to offer in evidence the original or exemplified copies of the records of the previous convictions and disposition as heretofore set forth. (See *People* v. *Reese*, 232 App. Div. 624.)

In the case of *People* v. *Roach* (215 N. Y. 592) the court said: " In view of the progress that has been made by scientific students and those charged with the detection of crime in the police departments of the larger cities of the world in effecting identification by means of fingerprint impressions, we cannot rule as a matter of law that such evidence is incompetent. Nor does the fact that it presents to the court novel questions preclude its admission upon common-law principles. The same thing was true of typewriting, photography and X-ray photographs, and yet the reception of such evidence is a common occurrence in our courts."

The documentary evidence in this case merely tended to identify the defendants. No original or exemplified copies of the records of the previous proceedings were produced to establish the crimes of which the defendants are alleged to have been previously convicted.

The People were also obliged to establish that the defendants had no visible means of support, were found loitering and unable to give a satisfactory explanation of their presence. The testimony adduced upon the trial to establish these facts is meagre.

Upon the entire record, we are of the opinion that the judgment of conviction herein should be reversed and a new trial ordered.

Judgment reversed on the law and facts and new trial ordered.

All concur; present, SALOMON, P. J., and KERNOCHAN and FETHERSTON, JJ.