The People of the State of New York, Respondent, *v.* Joseph Spagnolia, Alias Joe Miller, and Others, Appellants.

Judgments of conviction affirmed. Hill, P. J., Rhodes and Heffernan, JJ., concur; Bliss, J., dissents, with an opinion in which McNamee, J., concurs.

Bliss, J. (dissenting). By an indictment handed up in the Supreme Court Chemung county, at the January, 1933, Trial Term, each of the defendants Joseph Spagnolia, alias Joe Miller, Jack Spagnolia, John Kirk and Thomas Allen was

charged with the crime of assault in the second degree. The charge was in two counts, *first*, by assaulting one Dominick D'Annunzio with an iron bar, and *second*, by inflicting grievous bodily harm on said Dominick D'Annunzio. The defendants were brought to trial in County Court, Chemung county, and a verdict of guilty as charged rendered against each of them on March 20, 1933. The appellants contend that the evidence did not warrant a conviction of the defendants; that the conduct of the district attorney during the trial was such as to prejudice the rights of the defendants; that certain errors were made by the court in its charge and refusals to charge, and that the sentences imposed upon the defendants Joseph Spagnolia and Thomas Allen were improper. This court is of one mind that none of these contentions have merit save the one relating to the sentences. After the verdict the examinations of the convicts were taken as required by section 485-a of the Code of Criminal Procedure. The appellant Joseph Spagnolia, in his examination, in response to the question relating to previous offenses, stated, " concealing stolen property," and the appellant Thomas Allen in response to the same inquiry replied, " larceny at Towanda, Pa., and larceny at Binghamton, N. Y." Thereupon the time for pronouncing sentence was fixed. When that date arrived, after denying motions for new trials and in arrest of judgment, the court sentenced Joseph Spagnolia to imprisonment for the term of ten years and Thomas Allen to imprisonment for the term of five years. The court did not indicate how it arrived at these terms. No information charging either of these defendants with any previous conviction was filed, as required by section 1943 of the Penal Law, nor was either of these defendants cautioned as to any of his rights as required by the same section. The validity of these sentences is here questioned. If they were authorized under any construction of the statutes they may not be here disturbed. The imprisonment penalty prescribed for assault in the second degree is not to exceed five years. (Penal Law, § 243.) Were these convicts first offenders on the record, they should have been given indeterminate sentences, the maximum of which should have been not more than five years. (Penal Law, § 2189.) There is no statutory provision for the imposition of an indeterminate sentence upon a second offender. Under section 1941 of the Penal Law a second or third offender, whose second or third offense was assault in the second degree, must be sentenced for a definite term of not less than five years and not more than ten years. The examination of convicts and their responses before sentence, taken as required by section 485-a of the Code of Criminal Procedure, may not be utilized by the court as a basis for determining that the convict is a previous offender and for the imposition of the additional penalty prescribed by section 1941 of the Penal Law. Prior to the enactment of the present section 1943 of the Penal Law by chapter 457 of the Laws of 1926, this severer punishment could be imposed only if the indictment charged and the proof established the prior conviction. In *People* v. *Rosen* (208 N. Y. 169) Judge Hiscock, writing for the Court of Appeals, said: " It is so well settled as to be conceded upon this appeal that the severer punishment provided by this section cannot be imposed unless the indictment itself charges the prior conviction. The prior conviction is such an element of the second offense that it must be charged in the indictment and information thereof developed on the examination of the accused before sentence under section 485-a would not be sufficient for the purposes of this section. (*People* v. *Sickles*, 156 N. Y. 541.) * * * A judgment inflicting additional punish-

ment upon a convicted person in a criminal proceeding naturally and fairly imports action based upon an accusation and a hearing whereby the rights of the accused person are amply protected. Such requirements are of course amply satisfied where an accused person is duly indicted and prosecuted as a second or subsequent offender." And then with prophetic vision: " It may also be assumed that the legislature might provide for an independent trial of the question whether a convicted person had been convicted of a prior offense, and make an affirmative determination reached in such proceedings the basis for the additional punishment on the last conviction, although such prior offense had not been charged in the indictment for the later crime." By chapter 457 of the Laws of 1926, section 1942 of the Penal Law had the following sentence added to it: " A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, *but may be proceeded against as provided in the following section.*" (Italics mine.) This same enactment, chapter 457 of the Laws of 1926, added a new section, section 1943, to the Penal Law. This section provides for the laying before the court of an information charging a convict with being a previous offender and directs that he must be informed of the allegations of the information and his right to be tried by a jury as to the truth thereof. It further directs that if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person who had been previously convicted, the court shall impose the additional penalty upon him. The former method of charging the previous conviction in the indictment is still permissible. But if that method is not followed then the previous conviction may be established only by the procedure set up in section 1943 of the Penal Law. " Now if a person commits any felony (not any ' crime ') he must receive increased punishment if previously convicted of felony. Section 1942 provides life imprisonment for the fourth felony. It is unnecessary, however, in any case to allege the previous convictions in the indictment. Under the procedure of section 1943 a second or third offender is to be sentenced as provided in section 1941. If he is a fourth offender, he is to be sentenced according to the provisions of section 1942. These so-called ' Baumes Laws ' do not deal merely with life imprisonment for fourth offenders; they reach out also to those convicted for the second and third time." (*People* v. *Gowasky*, 244 N. Y. 451.) " We will pass to the next point which has been raised. The judge, it is said, did not follow the provisions laid down in section 1943 of the Penal Law. Of course this law is to be followed in all its terms and provisions. The Legislature has enacted what shall be done, and the courts and juries must comply with it. Opinions regarding the wisdom or severity of its enactments are matters for the Legislature, not the courts." (Id.) " However, again let us call attention to the necessity of following all the requirements of this section. The prisoner is entitled upon the presentation of the information to be informed of his right to be tried as to the truth thereof. But it should also be noted that there is a limitation to this right. The only thing that is to be tried before a jury is the identity of the prisoner. By the information he is charged with having been previously convicted. If he denies it, his previous conviction is the only thing to be tried. Is he the same person mentioned in the several records as set forth in the information? This is the only question to be submitted to the jury, and the only question which they are to answer by their verdict."

(Id.) " Especially should there be no intimations of a lower sentence for a plea, as neither the court nor district attorney have any discretion under section 1943 of the Penal Law regarding the punishment. This is fixed by statute, not by the court. The district attorney is charged with the duty of filing an information accusing the convicted defendant of his previous convictions. This is not discretionary; it is mandatory." (Id.) (See, also, *People* v. *Reese*, 258 N. Y. 89.) True, it was held in the *Gowasky* case that the right to a trial by jury as to the truth of the allegations contained in the information had been waived, where, after information filed, the convict, represented by counsel, pleaded guilty to the same and raised only the question of the constitutionality of the section. Such is not the case at bar. Here there was no attempt to follow the statutory procedure. The indictment did not charge the previous offenses. There was no information after conviction, no advice as to their rights and the self-incriminating statements of the appellants, taken without a word of caution from the court, were made the basis for imposing additional penalties upon them. The sentence imposed upon the appellant Spagnolia was clearly illegal. It may be argued that under the authority of *People* v. *Rosen* (*supra*) the determinate sentence of five years imposed upon the appellant Thomas Allen was legal because it appeared from his answer that he was not " a person never before convicted of a crime punishable by imprisonment in a state prison " under section 2189 of the Penal Law. This could be true only upon the assumption that this defendant by his examination after conviction admitted his previous conviction of a felony. His statement of two previous offenses of larceny was not such an admission. There are various grades and classes of larceny. It is quite conceivable that these previous convictions, if such they were, were petit larcenies and consequently misdemeanors. I vote that the judgments of conviction against all of the defendants be affirmed and that the sentences of the defendants Joseph Spagnolia and Thomas Allen be set aside and that said defendants Joseph Spagnolia and Thomas Allen be brought before this court for the purpose of having proper sentences pronounced upon them. (Code Crim. Proc. § 543; *People* v. *Voelker*, 220 App. Div. 528; *People* v. *Salter*, 191 id. 723, and on motion for reargument, *192 id. 433; People* v. *Scheuren*, 148 id. 324; *People* v. *Bretton*, 144 id. 282.) McNamee, J., concurs.