THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MANNING, Alias ANTHONY SPENCER MANNING, Appellant.— Appeal from a judgment of the County Court of Kings county convicting the defendant of the crime of carrying a dangerous weapon, as a felony, and also adjudging him to be an habitual criminal.

Judgment modified by striking therefrom the provision adjudging appellant an habitual criminal, and as so modified affirmed. The adjudication that appellant is an habitual criminal concededly was error. (Penal Law, §§ 1020, 1021; *People* v. *Rosen*, 208 N. Y. 169.) Appellant was not indicted as a second offender. Hagarty, Davis, Adel and Close, JJ., concur; Taylor, J., concurs in that part of the decision which strikes out the provision that appellant is an habitual criminal but dissents from the affirmance of the conviction and votes for reversal and a new trial, with the following memorandum: Although there was ample evidence upon which the jury might find a verdict of guilty, the trial as a whole was unfair to the defendant. The conduct of the trial judge during the presentation of the proofs, and errors in the charge, prejudiced the defendant in a substantial way. In the jury's presence the judge threatened to punish the defendant's trial counsel for contempt and stated: " You have prejudiced your own case." He also criticized counsel for " bluffing " and for " baiting " the witnesses. He charged the jury in relation to the omission of police officers to prosecute the defendant for another crime, stating that " If the officers had a good case on the gun they did not have to go any further "— a plain intimation that the officers had such a case. In the charge he told the jury not to pay attention to defendant's counsel's " crocodile tears." Elsewhere throughout the trial the trial judge conveyed to the jury, by implication from his conduct and utterances, that there was no defense. A new trial is necessary in the interest of justice. (See *People* v. *Di Carlo*, 242 App. Div. 328.) " The question of substantial right is not the abstract question of guilt or innocence. A guilty man is entitled to a fair trial and a trial is not fair if the verdict may be related to errors in the judge's charge. Error is substantial when we can say that it tended to influence the verdict." (*People* v. *Sobieskoda*, 235 N. Y. 411, 420. See, also, *People* v. *Fielding*, 158 N. Y. 542, 553.)