Thomas M. Stark, J.
This is an application by the People to have the defendant adjudged by the court to be an habitual criminal pursuant to the provisions of section 510 of the Code of Criminal Procedure and section 1020 of the Penal Law.
A similar application was previously made on July 19, 1963 when the defendant appeared before Hon. Joseph V. Loscalzo, then Acting Judge of this court, for purpose of sentence upon his plea of guilty to the misdemeanor of malicious mischief. At some point during the proceedings (the record is confused as to exactly when), the District Attorney filed with the Clerk an information, dated July 19, 1963, accusing the defendant of being an habitual criminal. This information made reference *312 to six previous misdemeanor convictions of the defendant in the State of New York. Before proceeding in regard to this information Judge Loscalzo pronounced judgment upon the malicious mischief conviction, imposing a suspended sentence upon the defendant.
The defendant was then asked how he pleads to the habitual criminal .information and through his attorney entered a not guilty plea. The matter was set down for a hearing on September 9, 1963 but apparently no hearing was ever held. In any event Judge Loscalzo retired from the Bench on or about November 1, 1963 and thus lost jurisdiction of the matter. There is nothing in the record to indicate transferal of the matter to any other Judge of this court.
Thereafter, on April 23, 1964, the District Attorney filed with the Clerk of this court an “Amended Information” dated April 17,1964, again accusing the defendant of being an habitual criminal. This document made reference to seven previous misdemeanor convictions of the defendant in the State of New York, six of which were the same convictions referred to in the earlier information of July 19, 1963, and the seventh being the conviction of the defendant of the crime of malicious mischief before Judge Loscalzo on July 19, 1963. This “Amended Information ” is clearly in error wherein it recites that the defendant “ now stands before this Court duly convicted of violating Section 1433, Subdivision 2, of the Penal Law of the State of New York, and awaiting sentence thereon”. As of April 17, 1964 the defendant was not awaiting sentence on any conviction.
It thus appears that the People, not having obtained an adjudication in connection with the sentence imposed by Judge Loscalzo, are attempting to maintain a new and separate proceeding by means of the so-called “Amended Information ” dated April 17, 1964. There is no rule or statute which permits this to be done. Both section 510 of the Code of Criminal Procedure and section 1020 of the Penal Law grant discretionary power to the court to adjudge a convicted misdemeanant to be an habitual criminal in addition to, or instead of, any other punishment inflicted upon him. Thus the proceeding may only be maintained before a court then having jurisdiction and the power of imposing sentence upon a misdemeanor conviction. (People v. Rosen, 208 N. Y. 169; People v. Gibson, 114 App. Div. 600.)
No other questions raised by the defendant are reached ox-passed upon.
The application is denied and the information is dismissed.