Fbank X. Altimabi, J.
This is an application to adjudge the defendant to be an habitual criminal pursuant to section 510 of the Code of Criminal Procedure and section 1020 of the Penal Law.
On May 16,1966, the defendant was convicted in this court on his plea of guilty of the crime of petit larceny and was immediately sentenced to a term of six months in the Nassau County Jail. Prior thereto and on April 25, 1966, a petition, referred to by the District Attorney and counsel for the defendant as an information, was filed with the Clerk of this court, requesting the court to adjudicate the defendant to be an habitual criminal.
It does not appear that the defendant has been arraigned if indeed the petition be an information. There is no doubt that the defendant has not been formally charged or informed that after the disposition of the then pending misdemeanor charge and sentence he would be required to respond to the charge of being an habitual criminal. It was only after the date of sentence and while the sentence was being served that the matter of said petition was placed before this court at a Trial Part for disposition on June 17, 1966, and then adjourned to July 18, 1966.
The defendant challenged the jurisdiction of this court to entertain the application after sentence.
*551 Section 510 of the Code of Criminal Procedure (as does section 1020 of the Penal Law in substantially identical language) states in the pertinent part: “A person convicted of a misdemeanor, who has been already five times convicted in this state of a misdemeanor may be adjudged by the court in addition to, or instead of, other punishment, to be an habitual criminal.”
The District Attorney contends that since there is no explicit statutory provision setting forth the procedure for obtaining such an adjudication, that the quoted sections should be strictly construed and given literal effect and that therefore this court may adjudge the defendant an habitual criminal on information whenever and presumably however obtained.
The Court of Appeals has however construed section 1020 of the Penal Law, in striking down a judgment of habitual criminality, where the prior conviction had not been charged in the indictment, “ as relating to a case where an accused person has been duly charged in the indictment with and subsequently convicted of a second or subsequent offense ” (People v. Rosen, 208 N. Y. 169, 174). Although the court there dealt with an adjudication on a felony conviction, the reasoning of the court dictated the same requirement in the case of an adjudication on a misdemeanor conviction unless changed by statute.
The enactment in 1926 of section 1943 of the Penal Law permitting the filing of a separate prior conviction information in the case of multiple felony offenders did not disturb the construction of section 1020 requiring the indictment to charge the prior conviction to obtain an habitual criminal adjudication. (See People v. Manning, 253 App. Div. 744 [1937].) Nor did section 1943 have any application except where the defendant is convicted of a felony. (People ex rel. Andrews v. Vollmer, 132 N. Y. S. 2d 740 [1954].)
The 1959 amendment to section 145 and adding section 275-b of the Code of Criminal Procedure do, of course, now prohibit the allegation of prior convictions in the indictment or information unless such prior conviction affects the degree or substantial nature of the crime or jurisdiction. However, section 717 of the Code of Criminal Procedure was then also amended (L. 1959, ch. 218) to provide for the filing of a separate prior conviction information wherever a different or additional punishment of a crime is prescribed or expressly authorized by reason of previous convictions but ‘ ‘ Such information shall not be filed before a plea of guilty is entered or a verdict of guilty is recorded.” (Code Crim. Pro., § 717, subd. 2.)
It is to be noted that section 717 of the Code of Criminal Procedure is entitled ‘ ‘ Judgment on conviction; proof of pre *552 vious convictions ” whereas section 1943 of the Penal Law is entitled 1 ‘ Procedure relating to resentencing
A review of the foregoing sections leads this court to the conclusion that the habitual criminal adjudication must be made, if at all, by the sentencing court in pronouncing judgment after proceedings have been had on a prior offense information filed after the plea or conviction but before sentence.
A similar situation was presented in People v. Walker (44 Misc 2d 311 [1946]). There an information to have the defendant Walker adjudged to be an habitual criminal was filed. Before proceeding on that information the court pronounced judgment on the misdemeanor conviction imposing a suspended sentence on the defendant. Thereafter, the District Attorney filed an ‘ ‘ Amended Information, ’ ’ again accusing the defendant of being an habitual criminal.
The court in dismissing the proceeding said (p. 312): “ Both section 510 of the Code of Criminal Procedure and section 1020 of the Penal Law grant discretionary power to the court to adjudge a convicted misdemeanant to be an habitual criminal in addition to or instead of, any other punishment inflicted upon him. Thus the proceedings may only be maintained before a court then having jurisdiction and the power of imposing sentence upon a misdemeanor conviction (People v. Rosen, 208 N. Y. 169; People v. Gibbons, 114 App. Div. 600.) ”
In the case at bar a valid legal and final sentence was imposed on May 18, 1966, and except for the inherent power of the court to correct its own errors on sentencing, the court no longer has the power to alter or modify the sentence. There is no permission for resentencing to permit the adjudication of the defendant as an habitual criminal.
In any event, it appears that the court in imposing sentence did take into account the defendant’s prior convictions, for on the 18th day of May the learned sentencing Judge of this court after advising the defendant of his rights and of the consequences of a plea of guilty said: “ and that in determining the fine or sentence to be imposed I will check your background and your record and that will influence me in some way in fixing your fine or sentence ” to which the defendant responded, “ Yes ”. The court further stated, “You understand that! ” to which the defendant again responded, “ Yes ”.
In view of the foregoing, the proceeding to adjudge the defendant an habitual criminal may not be maintained. The application is therefore denied and the proceeding dismissed.